Stoffel, et al. v. Schroeder, et al.

———o———

JOSEPHENA STOFFEL, et al., Appellants, vs. WILLIAM SCHROE-DER, et al., Respondents.

1. *Deed of trust—Bona fides of trustee—Duties required of.*—The trustee at the trust sale should adopt all reasonable precautions to render the sale beneficial to the debtor. A bare compliance with the terms of the deed is not sufficient. And if not conducted in all fairness and integrity, the sale will be set aside.

2. *Mortgages and deeds of trust—Sale at unusual hour, and at sacrifice—Equitable interference.*—Where it appeared that the beneficiary in a deed of trust procured the property to be sold thereunder at eleven instead of twelve o'clock; that only two bidders were present, and that being worth $8500, it brought but $5000 ; *held,* that, although the inadequacy of consideration paid was not itself so unconscionable as to authorize equitable interference, and even though it were not shown that at the usual hour of sale the property would have brought a greater sum, yet in view of all the circumstances, the sale should be set aside.

3. *Equity—Quit-claim deed—Purchase without notice.*—The grantee in a quit-claim deed cannot maintain that he is a purchaser without notice of equities affecting his grantor.

*Appeal from St. Louis Circuit Court.*

*John P. Hudgins,* for Appellants, cited Worten vs. Henkle, 20 Mo., 290 ; Stewart vs. Nelson, 25 Mo., 309 ; Stine vs. Wilkinson, 10 Mo., 75 ; Stewart vs. Severance, 43 Mo., 322.

| | |
|---|---|
| 62 | 14 |
| 105 | 96 |
| 62 | 147 |
| 112 | 585 |
| 49a | 47 |
| 62 | 147 |
| 113 | 520 |
| 62 | 147 |
| 131 | 599 |
| 62 | 147 |
| 102 | 581 |
| 62 | 147 |
| d150 | 564 |
| 62 | 147 |
| 157 | 334 |
| 62 | 147 |
| 166 | 270 |

Stoffel, et al. v. Schroeder, et al.

*T. H. Wilson,* for Respondents, cited Chesley vs. Chesley, 49 Mo., 540; Forrester vs. Scoville, 51 Mo., 268; Johnson vs. Quarles, 46 Mo., 423; Ellis vs. Pacific R. R., 51 Mo., 200; Sto. Eq., §§ 762, 763, 764, 770; Judge vs. Booge, 47 Mo., 544; Carter vs. Abshire, 48 Mo., 300; Brooks vs. Duckworth 49 Mo., 43.

SHERWOOD, Judge, delivered the opinion of the court.

This is an equitable proceeding whereby it is sought to set aside a sale, under a deed of trust, of certain real estate situate in the city of St. Louis, and also, to declare void a deed subsequently made by the defendant, Schroeder, the purchaser at such sale, to the defendant, Westerheide, and to permit the plaintiff to redeem. The basis of the complaint was: 1st, that Schroeder, who was the beneficiary in the deed of trust, agreed to buy in the land and permit its redemption, and, 2d, that by means of this agreement, he had bought in the land at about half of what it was worth, and that in consequence of the agreement the sale took place at an unusual hour, and that Westerheide afterwards, with full knowledge of all the circumstances, received a deed from Schroeder, and this deed was made without any money being paid, and in order to cover up the fraud practiced at the sale under the deed of trust. The answers of the defendants denied all the chief allegations of the petition. The plaintiffs, with the exceptions of Stoffel and McGuire, are the minor heirs of Mrs. Schmitz, and the owners of the equity of redemption in the property in controversy, which equity of redemption was acquired by and for them, by means of a sale which took place under a second deed of trust, which incumbrance as well as the first deed under which Schroeder bought, were placed on the premises in question by Jacob Schmitz, the father of Mrs. Stoffel and those of the plaintiffs, who are minors. The sale and conveyance under the second deed of trust, took place prior to that under the first deed; the former deed being made to a creditor other than Schroeder, and for a different debt

Upon hearing the evidence, it was held insufficient to sustain the allegations of the petition, and the same was dismissed. If this action of the trial court was based on the first ground mentioned, it was clearly right, and this for two reasons; first, that the testimony offered by plaintiffs was too vague and inconclusive, especially when explicitly denied by Schroeder, to establish any such agreement; second, it does not appear that Schmitz, the father, made the alleged agreement for the benefit of the plaintiffs.

But the dismissal of the petition is not so satisfactory, when considered with reference to the other grounds which it contains. The testimony shows that the sale occurred at 11 o'clock, when the usual time was an hour later, that this result was attained by Schroeder, the beneficiary, and purchaser at that sale, and that the property which was worth at least $8,500, was sold for $5,000. There were but two bidders at this sale, the one already mentioned, and Schmitz, the debtor, who bid, it seems under the advice of the auctioneer, in order to keep the property from being sold for a nominal sum. As a matter of course, there is not such a gross inadequacy of price as to shock the moral sense, and authorize equitable interference, had this sale taken place at the usual time. It has always been the doctrine of this court, as well as of courts elsewhere, that the mode of sale referred to, being a harsh method of disposing of the equity of redemption, should be watched with jealous solicitude, and overthrown, if not conducted in all fairness and integrity, and that the trustee is bound to act *bona fide*, as in exercising the power, he becomes the trustee of the debtor, and should adopt all reasonable modes of proceeding in order to render the sale beneficial to the debtor, and cannot shelter himself under a bare literal compliance with the conditions imposed by the terms of the power. (Goode vs. Comfort, 39 Mo., 313; Judge vs. Booge, 47 Mo., 544; Brown vs. Reussler, 15 Ill., 507; Howard vs. Ames, 3 Met., 311; Montague vs. Dawes, 14 Allen, 369; Roche vs. Farnsworth, 106 Mass., 509; Smith vs. Provin, 4 Allen, 516; Mathie vs. Edwards, 2 Coll., 465.)

Here, this discretion thus confided to the trustees, in the present case, was not soundly exercised; they permitted themselves to be so far prevailed upon, as to order the sale at an earlier hour than usual, when it was evident that this course of conduct could only result, as it did, not in benefit to the debtor, but to the creditor alone.

The property was sacrificed, and sacrificed uselessly; and we cannot give sanction to the sale. It is true the property, if sold at the usual hour, might not have brought any greater sum than it did bring; but we certainly will not assume as a fact what can only rest in conjecture.

As to the defendant Westerheide, he made no appearance at the trial, to support by his testimony the allegations of his answer. There was testimony, however, showing that he had notice of the transaction, that he had paid Schroeder only a small sum in cash, securing the rest by mortgage; and there is some tendency in the testimony to show, that but for his threats, to set aside the sale, because made at an unusual hour, Schroeder would not have sold to him. In addition to that, he only received a quit-claim deed from Schroeder. This, of itself is sufficient to show he is not a purchaser without notice. (Ridgway vs. Holliday, 59 Mo., 444, and cases cited.)

Judgment reversed and cause remanded. Judge Vories absent. The other judges concur.