MONTGOMERY *et al.*, *Appellants*, v. MILLER.

### Division One, December 11, 1895.

**Deed of Trust:** FORECLOSURE: SETTING ASIDE SALE: REDEMPTION. Where, on a foreclosure sale under a deed of trust, it appeared that the property was sold in bulk for an inadequate price, and at an unusual hour, and that the debtor's interest was thereby sacrificed, *held* that the sale should be set aside and the debtor be permitted to redeem.

*Appeal from Wright Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED.

*J. P. Nixon, John S. Haymes* and *F. M. Mansfield* for appellants.

(1) The question whether defendant is an innocent purchaser was not made an issue by the pleadings. *Wallace v. Wilson*, 30 Mo. 335; *Holdsworth v. Shannon*, 113 Mo. 508. (2) A trustee acts for all interested parties, must be without partiality (26 Am. and Eng. Encyclopedia of Law, p. 877, sec. 7), must act in perfect good faith, and sales made by him will be closely scrutinized. 2 Perry on Trusts [2 Ed.], p. 175, sec. 602 x; *Graham v. King*, 50 Mo. 22; *Stoffel v. Shroeder*, 62 Mo. 147; *Vail v. Jacobs*, 62 Mo. 130; *Sherwood v. Saxton*, 63 Mo. 78. (3) The sale was made at an unusual hour (11 o'clock) and that at the request of the son-in-law of the beneficiary and with his consent. This is fatal. *Stoffel v. Shroeder*, 62 Mo. 147; *Holdsworth v. Shannon*, 113 Mo. 508. (4) If not, of itself, the grossly inadequate sum for which the land was sold, coupled with the other unfavorable circumstances sur-

rounding the sale, demands that the sale should be set aside.    2 Perry on Trusts, p. 177, sec. 602 z;  *Magnusson v. Williams*, 111 Ill. 450; *Larned v. Geer*, 139 Mass. 31;  *Vail v. Jacob*, 62 Mo. 130; *Holdsworth v. Shannon*, *supra*.  (5) The sale in mass, with the other circumstances of wrong or injury, is fatal.    *Benkerdorf v. Vincintz*, 52 Mo. 441; *Chesley v. Chesley*, 54 Mo. 347;  *Bank v. Stumph*, 73 Mo. 311;  *Chase v. Williams*, 74 Mo. 429. (6) The debt, interest, and legitimate charges for which land was sold could hardly have reached $80.    Yet the trustee, without dividing the land, which was easily susceptible of division, sold enough to realize more than one third more than was necessary.    The trustee says one forty was worth $200, and he thought this forty "would sell the rest."    Why did he desire to sell the rest?    In the proper discharge of his duties, the trustee was required to sell the land in parcels, and only a sufficient quantity to satisfy the debt.    *Tatum v. Holliday*, 59 Mo. 422;  *Baker v. Halligan*, 75 Mo. 435.

*Kice & Burkhead* for respondent.

(1) Fraud is never presumed, but must be proved. *Hardwicke v. Hamilton*, 121 Mo. 465.    (2) It should be proved by tangible and substantial facts.    *Thrasher v. Greene Co.*, 105 Mo. 244.    (3) The evidence shows that Burkhead was not the agent of plaintiffs as to the land in controversy, and was agent for Montgomery & Powell only for the sale and rental of the "Noll," "Holman," "Grass," and "Fannan" places.    (4) The sale was not at an unusual hour, as the evidence shows. (5) The sale was conducted fairly and honestly and land sold for a price not greatly inadequate.    There is no collusion or fraud proved between Kice, the trustee, and the defendant.    (6) Malonee was the old county collector of Douglas county, and it is fair to presume

that he knew something about the real worth of the land. (7) Mere inadequacy of price, unattended by fraud or unfair dealing to the detriment of those interested, is not a distinct ground for setting aside a sale. *Phillips v. Stewart*, 59 Mo. 491; *Hardwicke v. Hamilton*, 121 Mo. 465.

BRACE, P. J.—On the first of August, 1891, F. M. Worrell, who was then the owner of the west half of the northeast quarter and the east half of the northwest quarter of section 12, township 55, range 16, in Douglas county, executed a deed of trust conveying said real estate to A. C. Kice, trustee, to secure the payment of his note of the same date, payable one year after date, for the sum of $60 with interest to one E. D. Pennington. Afterward, on the first of February, 1892, the said Worrell by deed of that date, and recorded on the same day subject to said deed of trust, conveyed said real estate to plaintiff E. F. Montgomery and one Vaughan, who afterward, on the ninth of February, 1892, executed a deed of trust of that date and recorded the same day conveying said real estate, together with other lands, to one Klineline as trustee, to secure certain promissory notes payable to plaintiff, Thomas M. Brown, which notes were afterward transferred by said Brown to the plaintiff, the Dallas county bank. Afterward, on third of September, 1892, the said Kice, trustee as aforesaid, in pursuance of the power granted in said first deed of trust, sold said real estate at public auction, at Ava, the county seat of said county, and the defendant, John F. Miller, became the purchaser thereof for the sum of $125, paid the purchase money, and immediately received the trustee's deed therefor, which was on the same day filed for record at 11:30 A. M.

Afterward, the said plaintiffs instituted this suit to

set aside said sale, to cancel said trustee's deed, and to be permitted to redeem, the petition charging, in substance, that plaintiffs reside in Dallas county, about sixty miles distant from Ava, the county seat of Douglas county; that they had employed one Asberry Burkhead, an attorney at law at Ava, to look after and protect their interests in said land; that the said Burkhead wrongfully permitted said land to be advertised and sold without notice to plaintiffs, in pursuance of a conspiracy entered into between him, the said Kice, and the defendant, to defraud plaintiffs of their interest in said land; that the said land was wrongfully sold by said Kice at the unusual hour of 11 o'clock and thirty minutes A. M., in a body, and for a price far below its true value.

After a very careful examination of all the evidence in this case we find these salient facts established thereby: That the sale took place about 11 o'clock in the forenoon; that the land was sold in bulk; that it was worth between $300 and $400; that the usual hour for making such sales in Ava was in the afternoon, between 1 and 2 o'clock; that one of the forties, as testified to by the trustee himself, was worth more than enough to have satisfied the trust debt, interest and costs, all of which facts were known, or ought to have been known, to the defendant, as well as the extent of plaintiff's interest in the property, which appeared by their deeds of record; that plaintiffs had no notice of the sale, and that Burkhead was their attorney, whose duty it was to look after their interest in such sale, or notify them thereof, and that he failed to do so; that Kice, the trustee, sustained such relations to the plaintiff and to the property that he ought to have notified them of the sale, and that the sale was made by him in the forenoon at the request of the agent of the beneficiary in the deed of trust.

While the evidence fails to establish the charge of conspiracy contained in the petition, it shows the existence of such intimate relations between the defendant, Burkhead, and the trustee, as to give grounds for such a suspicion, and as ought to have put the defendant on guard against a sale not made with entire regularity. It thus appears that the property was sold in bulk, for an inadequate price, at an unusual hour, and the plaintiff's entire interest in the property sacrificed thereby. While no one of these facts would of itself afford ground for setting aside the sale, yet when all of them are found concurring as they do in this sale, otherwise not void of suspicion, the sale should be set aside, and the plaintiff be permitted to redeem, on the authority of many cases decided in this court, of which it is only necessary to cite the few following as examples. *Holdsworth v. Shannon,* 113 Mo. 508; *Stoffel v. Schroeder,* 62 Mo. 147; *Kelly v. Hurt,* 61 Mo. 463. The judgment is reversed and the cause remanded, to be proceeded with according to the views expressed in this opinion. All concur.