POLLIHAM, Appellant, v. REVELEY et al.

Division One, May 25, 1904.

1. **TRUSTEE'S SALE: Delegation of Power to Attorney in Fact.** The trustee in a deed of trust can not delegate the power of sale to a third person unless he is expressly authorized by the deed of trust to do so, and a sale made by such delegated agent is void. And where the power of sale is given to a certain person and "to his successor in this trust" the power is given to him alone, and he is not authorized to delegate it to another. This is the paramount reason why the sale in this case should be set aside.

2. ——: ——: **Manner of Conducting Sale.** The power of sale given to a trustee by a deed of trust, must not only be executed by him, but must be strictly followed, and be executed in good faith for the best interest of all the parties concerned. Such

sales are a harsh mode of foreclosing the rights of the debtor, and are scrutinized by courts of equity with great care, and will not be upheld unless conducted with all fairness, regularity and scrupulous integrity.

3. ———: ———: ———: **Particular Fraud.** One Waldeck acquired the mortgage note by purchase from the payee, and secured from the trustee a power of attorney authorizing an agent selected by Waldeck to sell the property, which had been advertised in the name of the trustee, and to make a deed to the purchaser in the name of the trustee, and at the sale had his clerk to bid on the property for him, and, when the property was sold for less than half its value, the deed was made to this clerk for Waldeck, and the clerk brings this suit in ejectment. *Held,* that under such circumstances, where Waldeck was practically the seller and buyer, equity will not stop to inquire for particular fraud, since fair dealing is not to be expected under such circumstances, but will set the sale aside on the prayer of the defendant debtor.

Appeal from St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney*, Judge.

AFFIRMED.

*G. Wm. Senn* and *Rassieur & Rassieur* for appellant.

(1) The matters of the power of sale and appointment of the attorney in fact are creatures of the contract, contained in the deed of trust, and not of law, and are to be interpreted and construed as a contract. Reynolds v. Kruff, 144 Mo. 433; Martin v. Paxson, 66 Mo. 260; Cassady v. Wallace, 102 Mo. 575; Powers v. Kueckhoff, 41 Mo. 425; Stewart v. Brown, 112 Mo. 171; Lipscomb v. Ins. Co., 138 Mo. 17. (2) The attorney in fact of the trustee was properly appointed under the provision therefor by the deed of trust—he was simply the agent of the trustee, continuing the latter's proceedings, and under the latter's advertisment of sale. 18 Ency. of Law (1 Ed.), p. 871, et seq.; 1 Bouvier's Law Dic. (Rawle's Rev.), p. 192; Idem, vol. 2, p. 714; R. S. 1899, secs. 4938, 913. (3) It is not sufficient that there be

proven an opportunity for fraud, or that mere suspicious circumstances may be connected with the sale, but proof of its unfairness and that it was fraudulent must be produced. Powers v. Kueckhoff, 41 Mo. 425; Bridenbecker v. Prescott, 3 Hun (N. Y.) 419; Laclede v. Richardson, 156 Mo. 270; Holdsworth v. Shannon, 113 Mo. 508; Judge v. Booge, 47 Mo. 545; Barnard v. Duncan, 38 Mo. 170; Dover v. Kennerly, 38 Mo. 469. (4) It is no fraud *ipso facto* that the trustee appoint as his attorney in fact, the attorney of the purchaser of the debt— the trustee himself could acquire the debt and yet exercise the power of sale; at most, such a circumstance presents merely an opportunity for fraud and unfairness. Hardwicke v. Hamilton, 121 Mo. 465; Cloud v. Loan Co., 52 Mo. App. 318; Ohnsorg v. Turner, 13 Mo. App. 533; s. c., 87 Mo. 127; Cassady v. Wallace, 102 Mo. 580; Reynolds v. Kroff, 144 Mo. 447; Powers v. Kueckhoff, 41 Mo. 430. (5) The power of attorney did not require record to become effective or to convey notice— it was sufficient for the attorney in fact to produce it at the time of the sale; and the proof of recording of the power with and attached to the trustee's deed is no evidence that it was not so produced at the time of sale. Dausch v. Crane, 109 Mo. 323; Diel v. Stegner, 56 Mo. App. 535; Pope v. Railroad, 99 Mo. 400. (6) Mere inadequacy of price of itself, unattended by fraud or unfair dealing, is not a distinct ground for setting aside a sale; the inadequacy must be unconscionable, such as to shock the moral sense, to justify the inference of fraud from that fact alone. Hardwicke v. Hamilton, 121 Mo. 475; Reynolds v. Kroff, 144 Mo. 447; Holdsworth v. Shannon, 113 Mo. 519; Ohnsorg v. Turner, 13 Mo. App. 533; Keith v. Browning, 139 Mo. 196; Harlin v. Nation, 126 Mo. 102; Markwell v. Markwell, 157 Mo. 326; Hoffmann v. McCracken, 168 Mo. 337. (7) Fraud will not be presumed when all the facts of the case are consistent as well with honesty and fair dealing. Hen-

derson v. Henderson, 55 Mo. 534; Ohnsorg v. Turner, 13 Mo. App. 541; s. c., 87 Mo. 127; Kerstner v. Vorweg, 130 Mo. 200; Hardwicke v. Hamilton, 121 Mo. 474; Hoeller v. Hoffner, 155 Mo. 589; Bank v. Tobacco Co., 155 Mo. 602. (8) It is a presumption of everyday application, in and out of court, in favor of fair dealing and the performance of duty and the orderly conduct of business. Guest v. Hannibal, 72 Mo. 258; White v. Ingram, 110 Mo. 481; Ivey v. Yancey, 129 Mo. 509; Wendover v. Baker, 121 Mo. 296; Addis v. Graham, 88 Mo. 202.

*T. J. Rowe* for respondents.

BRACE, P. J.—This was an action in ejectment, instituted in the St. Louis county circuit court, to recover possession of a tract of land containing 12.44 acres situate in said county, which turned in the lower court upon an equitable defense set up in the answer of the defendant Nannie Reveley. The finding and decree of the circuit court furnish a sufficient statement of the case. They are as follows:

"The defendant, Albert L. Reveley, acquired title to the premises described in the petition by deed from Martha E. Bobb and her trustee to said defendant dated February 12, 1897, and recorded in the office of the recorder of deeds of St. Louis in book 93 at page 351; and by deed from the said Martha E. Bobb and her husband dated February 24, 1897, and recorded in the said office of the recorder of deeds in book 93 at page 352, and by quitclaim deed from John H. Bobb and wife to the said Albert L. Reveley dated the first day of March, 1897, and recorded in said office of recorder of deeds in book 93 at page 370.

"Said title was acquired by the said Albert L. Reveley for the defendant Nannie (who is otherwise named Anna E.) Reveley and Sallie Reveley, who are his sisters; and after acquiring such title, he, the said Albert L. Reveley, placed his sisters in possession of

said premises and under his said title, and they have so been in possession up to the time of the trial of this case; and the defendant Albert L. Reveley has not been in possession thereof since October, 1898.

"At the time of acquiring said title to said premises as aforesaid, and by deed of trust dated the twenty-second day of February, 1897, and recorded in the office of the recorder of deeds of said county of St. Louis in book 93 at page 353, the said Albert L. Reveley conveyed said premises to Joseph Franklin, as trustee, to secure to Susan Franklin the payment of certain promissory notes executed by the said Albert L. Reveley in said deed of trust described as follows, to-wit:    Seven negotiable promissory notes payable to the order of the said Susan Franklin, all dated the twenty-seventh day of February, 1897, one being a principal note for the sum of two thousand dollars and payable three years after date and the others being six interest notes for the semi-annual interest on said principal, being for the sum of sixty dollars each, and payable respectively in six, twelve, eighteen, twenty-four, thirty and thirty-six months after date, all of said notes bearing interest from maturity at the rate of eight per centum per annum; that the said Albert L. Reveley was justly indebted to the said Susan Franklin for the sum of two thousand dollars at the date of said notes and deed of trust; in and by said deed of trust it was provided (among other things) that if default should be made in the payment of said promissory notes, at maturity thereof, respectively, according to the tenor of the same, and the said notes or any part thereof should not be paid at such maturity, then the said conveyance should remain in force, and the said Joseph Franklin (whether acting in person or by attorney in fact thereunto authorized by law) might proceed to sell said premises conveyed in said deed of trust or any part thereof at public vendue or outcry at the east front door of courthouse in the said county of St. Louis, to the highest bidder, for cash, first giving twenty days'

notice of the time, terms and place of said sale and of
the property to be sold, by advertisement published in
some newspaper printed in the said county of St. Louis,
and upon such sale should execute a deed in fee simple
for the property sold to the purchaser thereof, and out
of the proceeds of such sale should pay the costs and
expense of executing said trust and all indebtedness
secured by said deed of trust so. far as the same might
remain unpaid.

"On the eleventh day of May, 1900, default had
been made in the payment of said principal note for two
thousand dollars and four of the said interest notes for
the sum of sixty dollars each, and by reason thereof, the
said Joseph Franklin, under the power of sale conferred
upon him by said deed of trust, proceeded to advertise
the said real estate for a sale to be had on the second day
of June, 1900, and for that purpose published in a news-
paper printed in said county of St. Louis a notice of the
time, terms and place of sale and of property to be sold
thereat, stating therein that he, the said trustee, would
sell the property at the east front door of the court-
house of St. Louis county on the second day of June,
1900. Before such sale, and on the thirty-first day of
May, 1900, the said Joseph Franklin executed his power
of attorney, appointing G. William Senn as his attorney
for him and in his name to sell the said premises on
the second day of June, 1900, at the same time and place
and upon the terms specified in said notice of sale, and to
make proper conveyance of said property so sold to the
purchaser thereof at said sale, thereby giving to said
Senn the same powers as he, the said Joseph Franklin,
might exercise under and by virtue of said deed of trust,
which said power of attorney was duly signed and sealed
by the said Joseph Franklin; and thereafter on the
second day of June, 1900, at the said courthouse door
and at the time designated for such sale and upon the
terms specified in said notice as well as in the said deed
of trust the said G. William Senn as such attorney in

fact, for and on behalf of the said Joseph Franklin as such trustee, sold the said premises at public auction for cash, to the plaintiff herein at and for the price and sum of two thousand five hundred dollars, which was by the said plaintiff paid to the said trustee through his attorney in fact; and that thereupon in pursuance of said sale the said Joseph Franklin by his attorney in fact executed and delivered to the said plaintiff a deed in fee simple conveying the legal title of said property so sold to the said George B. Polliham, which said trustee's deed is dated the second day of June, 1900, and recorded in the office of the recorder of deeds of said county of St. Louis in book 119 at page 453. .

"The said plaintiff under and by virtue of said deed of trust and trustee's deed has continued to hold such legal title to the time of the trial of this cause.

"The defendants, Nannie Reveley and Sallie Reveley, on the fifth day of October, 1900, and ever since that time, have withheld the possession of said premises from the plaintiff, and during all of said time the monthly value of the rents and profits thereof has been twenty-five dollars.

"And the court upon allegations contained in the separate answer and cross-bill of the defendant, Nannie Reveley, finds the facts to be as follows:

"That after the execution of said deed of trust to Joseph Franklin as trustee by the said Albert Reveley, the said Albert L. Reveley executed another deed of trust dated the first day of March, 1897, to Wilbur F. Parker as trustee, conveying to him the same property described in the petition to secure to Martha E. Bobb an indebtedness of twenty-six hundred dollars represented by one principal note for that sum, with six interest notes payable three years after date, each for the sum of seventy-eight dollars, for the semiannual interest on said principal, and payable six, twelve, eighteen, twenty-four, thirty, and thirty-six months after date, the said notes being dated on the day first aforesaid and said

deed of trust being recorded in said office of the recorder
of deeds, in book 93 at page 555, which said principal
note of $2,600 and those of said interest notes becoming
due twenty four, thirty and thirty-six months after date
still remain unpaid, except the payment of one hundred
and twenty-five dollars made thereon on the fourth day
of October, 1900. And the said Albert L. Reveley there-
after made another deed of trust dated March 16, 1897,
conveying the same property to Thomas J. Rowe, as
trustee, to secure to John H. Bobb the payment of an
indebtedness of twelve hundred and fifty dollars, repre-
sented by a principal note for that sum, payable two
years years after date, and four interest notes, each for
the sum of thirty-seven and fifty-hundredths dollars, and
payable in six, twelve, eighteen, and twenty-four months
respectively, after date, all of said notes being dated the
day last aforesaid, and said deed of trust being recorded
in the said office of the recorder of deeds, in book 93 at
page 371, which said principal note remains unpaid ex-
cept the sum of thirty-five and fifty-hundredths dollars
paid on account of the interest on the same. That said
last two deeds of trust are subsequent to the said deed of
trust to Joseph Franklin, trustee. That on the eight-
eenth day of December, 1897, the said Albert L. Reveley
executed and delivered to the said defendant Nannie
Reveley (therein named Anna E. Reveley) his deed
dated the day last aforesaid, but not yet recorded, and
thereby conveyed to her the said real estate above
described, subject to the said three deeds of trust, and
she in and by the said deed to her assumed and agreed
to pay said deeds of trust and debts secured thereby.

"That one William C. Waldeck, having knowledge
of the said two subsequent deeds of trust to Martha E.
Bobb's trustee and John H. Bobb's trustee, or at least
of the said deed of trust to Martha E. Bobb's trustee,
and with the intent to acquire the said real estate at
less than its actual value, and for that purpose, on the
thirty-first day of May, 1901, and while said real estate

was advertised to be sold at trustee's sale by the said
Joseph Franklin, purchased from the holder thereof the
said note of $2,000 made to Susan Franklin, and also
procured from the said Joseph Franklin said power of
attorney to G. William Senn, who was the attorney of
the said Waldeck, directing him what course to pursue
and giving him advice in the matter of the purchase of
said property; and although the said Joseph Franklin
had theretofore intended to conduct said trustee's sale
in person, he after the execution of said power of attor-
ney left the entire matter of conducting said sale to the
said G. William Senn, and the sale was managed and
made by the said G. William Senn, without the presence
or direction of the said Joseph Franklin; that the sale
was made by the said Senn at the time and place specified
in the said notice of Joseph Franklin as trustee for said
sale, but at the time of making such sale said power of
attorney to G. William Senn was not recorded, nor in
the said notice of sale was any mention made thereof or
that the sale would be made by said attorney, and there
is no evidence of any notice thereof having been made
prior to the time of such sale; that at the time of making
said sale the said G. William Senn was attorney for the
said Waldeck, and the plaintiff, the said George Polli-
ham, was the clerk of the said Waldeck, and in purchas-
ing the said real estate acted solely in behalf of the said
Waldeck and purchased the said real estate in secret
trust for the said Waldeck, and not for himself; that by
reason of the manner in which said sale was made by
said attorney in fact without notice that the sale would
be made by an attorney in fact and without any record
of his authority to act as such attorney, it was likely that
persons who might desire to purchase said real estate at
said sale would be deterred from bidding at said sale,
and that said real estate would not be sold for the full
value thereof; that said real estate was at the time of the
actual value of six thousand dollars, and was sold at the
sale for the sum of twenty-five hundred dollars, which

was less than half its actual value; and that by reason of the relations existing between the said attorney in fact making said sale and said purchaser and the said Waldeck, for whom both of them were acting, the rights of the said Nannie Reveley and the persons holding subsequent deeds of trust were not properly regarded or protected by the said attorney in fact of the trustee in making such sale, and said sale was not made in such manner as to secure to them the greatest benefit thereby or to secure a sale of said real estate at the highest price that could be obtained for the same; that the said Nannie Reveley is unable to redeem said real estate from the said deed of trust under which the same was sold, and is entitled to a re-sale of same; that the said George B. Polliham by said trustee's deed to him acquired all the legal title of the said trustee, Joseph Franklin, and also all the rights and interests of the said William C. Waldeck as holder and owner of notes secured by said deed of trust under the same, and he is in equity the holder and owner of said deed of trust as an unsatisfied mortgage or encumbrance upon the said real estate; and that the amount which he is entitled to collect upon the same is the amount of said notes secured by said deed of trust to Joseph Franklin as trustee remaining unpaid June 2, 1900, with accrued interest thereon, and the amount of all the costs and expenses in making said trustee's sale and executing and recording the trustee's deed and the surplus proceeds of the trustee's sale, if any, which may have been paid upon the notes secured by said subsequent deeds of trust or either of them; and that the said real estate is situated in the county of St. Louis and State of Missouri, and described as follows, to-wit: [Here follows a description of the premises].

"And the court doth thereupon order, adjudge and decree that the said trustee's deed from Joseph Franklin, as trustee, by G. William Senn, as his attorney in fact, to the plaintiff, and the sale under which the same was made, be and the same are hereby declared valid

and effectual solely for the purpose of transferring to the plaintiff all the right, title and interest of the said trustee, and the holder and owner of the notes and indebtedness secured by said deed of trust, and that the said sale and the trustee's deed be in all other respects set aside and for naught held; and that the equity of redemption of the defendants and each of them in the real estate be foreclosed, and that said real estate be sold for the satisfaction of said deed of trust by the sheriff of St. Louis county in the same manner as provided for the sale of real estate under ordinary executions, and that such sale be reported to this court for its approval and for the distribution of the proceeds of said sale, after first satisfying the costs of this suit and of making such sale, to the said George B. Polliham, and to the holders of said subsequent deeds of trust, as their interests may be made to appear to the court, and to the said defendant Nannie Reveley if any balance remains therefor; and that upon such sale and the execution of the deed under the same the possession of said premises be delivered by the defendants Nannie Reveley and Sallie Reveley to the purchaser thereof at such sale and in default of such delivery of possession that a writ of possession issue requiring the sheriff to deliver such possession to said purchaser.'' The ''holder'' from whom Waldeck purchased the note was Franklin, the trustee.

The finding of the court is well sustained by the evidence.

The contention for the plaintiff is that the decree of the circuit court ought to be reversed and the sale sustained, although the property was sold for less than half of its real value under circumstances affording opportunity for fraud; because actual fraud was not proven and the power was executed in accordance with the terms of the grant.

The power to foreclose by sale contained in the deed of trust is as follows: ''Said party of the second part (whether acting in person or by attorney in fact there-

unto authorized under seal), or in case of his death, his successor in this trust, may proceed to sell the property hereinbefore conveyed, or any part thereof, at public venue or outcry, at the east front door of the courthouse, in the county of St. Louis, and the State of Missouri, to the highest bidder for cash, first giving twenty days' notice of the time, terms and place of said sale, and of the property to be sold by advertisement published in some newspaper printed in the county of St. Louis, State of Missouri, and upon such sale shall execute a deed in fee simple of the property sold to the purchaser or purchasers thereof .(and any deed made by the trustee or his successor, in pursuance of the powers herein granted, and all recitals therein contained shall be everywhere received as prima facie evidence of such facts), and shall receive the proceeds of such sale—out of which he shall pay, first, the cost and expense of executing this trust, including lawful compensation of said trustee, and next, he shall repay to any person or persons who may or shall, under the covenants herein set forth, have advanced or paid any money for taxes, mechanics' liens or insurance as above-provided, all sums so by him or them advanced, and not already repaid, together with interest thereon at the rate of eight per centum per annum, from date of such advance till day of payment; and next, the amount unpaid on said notes, together with the interest accrued thereon, and the remainder, if any, shall be paid to the said party of the first part, or his legal representatives.''

The ''party of the second part,'' the trustee to whom the power was given, was Joseph Franklin, to him, and to him only, and in case of his death to ''his successor in this trust'' was the power therein recited given. While the deed recognizes the fact that in the execution of the trust reposed in him, it might become necessary for him in some matter to act by ''an attorney in fact,'' it did not expressly authorize him to delegate the trust or power of sale to another person. There

are times when a trustee may have to act through agents and attorneys, and if he determine in his own mind how to exercise the discretion vested in him, he may appoint an agent or attorney to carry out his determination, and this may extend to the execution of deeds by an attorney in fact in his name and other acts in executing his determination. [1 Perry on Trusts, p. 407.] But the discretion with which he is invested can not be delegated to another person except by express grant and the power was not so given in this deed. It did not expressly authorize him to delegate the trust or power of sale to another person.

"It is established law in this State that a trustee in a deed of trust can not delegate the trust or power of sale to a third person unless expressly and authorized to do so by the deed and a sale made by such delegated agent is void." [City of St. Louis v. Priest, 88 Mo. l. c. 614; Spurlock v. Sproule, 72 Mo. 503; Graham v. King, 50 Mo. 22; Landrum v. Bank, 63 Mo. 48.] The power must not only be executed by him to whom it is granted, but the power must be strictly followed, and be executed in good faith for the best interests of all the parties concerned. As is said by the eminent textwriter just cited: "Sales under powers in deeds of trust or mortgages are a harsh mode of foreclosing the rights of the mortgagor. They are scrutinized by courts with great care, and will not be sustained unless conducted with all fairness, regularity and scrupulous integrity. Upon very slight proof of fraud, or unfair conduct, or any departure from the terms of the power, they will be set aside." [2 Perry on Trusts (5 Ed.), p. 602. In a long line of decisions in this State the principles applicable to the execution of such powers have been fully stated, among which the following may be cited: Goode v. Comfort, 39 Mo. 325; Powers v. Kueckhoff, 41 Mo. 430; Graham v. King, 50 Mo. 24; Bales v. Perry, 51 Mo. 451; Vail v. Jacobs, 62 Mo. 133; Stoffel v. Schroeder, 62 Mo. 149; Cassady v. Wallace,

102 Mo. 581; Holdsworth v. Shannon, 113 Mo. 520; Harlin v. Nation, 126 Mo. 103.

In Goode v. Comfort, supra, per WAGNER, J., it is said: "Trustees are considered as the agents of both parties—debtor and creditor—and their action in performing the duties of their trust should be conducted with the strictest impartiality and integrity. They are entrusted with the important function of transferring one man's property to another, and, therefore, both reason and justice will exact of them the most scrupulous fidelity. Courts of equity have always watched their proceedings with a zealous and scrutinizing eye; and where it is shown that they have abused their trust, or combined with one party to the detriment of the other, relief will be granted. Not that a sale by them will be set aside on slight or frivolous grounds; but where it appears that substantial injury has resulted from their action, where, in pursuance of their powers, they have failed or neglected to exercise a wise and sound discretion, equity will interfere. It is impossible in the very nature of things to lay down any precise rule applicable alike to all cases which may arise, but every case must be decided on the especial facts and circumstances which surround it and upon which it is founded." In Graham v. King, supra, by the same judge, it is said: "The office and duties of a trustee are matters of personal confidence, and he must exercise a just and fair discretion in doing whatever is right for the best interest of the debtor. He must in person supervise and watch over the sale, and adjourn it, if necessary, to prevent a sacrifice of the property, and no one can do it in his stead, unless empowered thereto in the instrument conferring the trust."

In Bales v. Perry, supra, per EWING, J., it is said: "It is a familiar rule of law that a special authority must be strictly pursued; that the office and duties of a trustee, being matters of confidence, can not be delegated by him to another, unless an express authority be conferred

upon him by the instrument creating the trust.    [Hill, Trust, 175.]    He is incapacitated from delegating any duty, unless the power is expressly given, which involves the exercise of any discretion or judgment.    Mere mechanical or ministerial duties, as, for example, causing advertisements for sale to be put up, proclaiming the sale at auction, and receiving bids, may be done by others [Powell v. Tuttle, 3 Com. 396].''

In Vail v. Jacobs, supra, it is said, per Sherwood, J.:  ''Neither the law nor the parties intend that the trustee shall be a nose of wax, a mere figurehead, in the hands of the creditor and of the auctioneer.    He is placed in a position to act fairly by all interested, and when he fails in his duty in this regard, the sales he makes will be set aside on timely application.    [Stoffel v. Schroeder, 62 Mo. 147.]''    And in the latter case the same judge said:  ''It has always been the doctrine of this court, as well as of courts elsewhere, that the mode of sale referred to, being a harsh method of disposing of the equity of redemption, should be watched with jealous solicitude, and overthrown, if not conducted in all fairness and integrity, and the trustee is bound to act bona fide, as, in exercising the power, he becomes the trustee of the debtor, and should adopt all reasonable modes of proceeding in order to render the sale beneficial to the debtor, and can not shelter himself under a bare literal compliance with the conditions imposed by the terms of the power.''

In the light of these principles it is not seen how this sale made at such a sacrifice can stand for a moment in a court of equity where actual facts and not mere forms are regarded, made, as it was, not by him in whom the trust was reposed, nor even by an attorney in fact selected by him for that purpose, but by Waldeck, the purchaser from him of the note secured, through his, Waldeck's attorney, selected by Waldeck for that purpose, and at which Waldeck, through another instrument (the plaintiff herein), selected by him for that pur-

pose, became the purchaser for him of the property at less than half of its real value. Waldeck was not only the beneficiary for whom the sale was made, but in fact, though not in form, both seller and buyer at the sale, and by this means the defendant's property was sacrificed. Under such circumstances, where fair dealing is not to be expected, equity will not stop to inquire for particular fraud, and applying these principles to the facts of the case the sale ought to be set aside, not only for the reasons given by the learned chancellor, but for the further and paramount reason that the trustee having no express authority to delegate the trust, the power was not executed in accordance with the terms of the grant.

The decree of the circuit court is an eminently just and proper one and ought to be affirmed, and it is accordingly so ordered.

All concur, except *Robinson, J.*, absent.