LOUIS MARKEL, Appellant, v. STEPHEN PECK
et al., Respondents.

Springfield Court of Appeals, June 6, 1910.

1. **TRUSTS AND TRUSTEES: Delegation of Powers: Agent Cannot Act for Trustee.** A large estate had been devised to several parties to hold and manage as trustees. No provision was made in the will for the delegation of any of the powers conferred upon the trustees. One of the trustees, purporting to be the agent of all the trustees, entered into a contract to lease certain property belonging to the estate. The trustees subsequently repudiated this contract. In a suit by the proposed lessee against the trustees for damages for breach of the contract of lease, it was held that the trustees were not bound by the contract because they could not delegate to an agent the power to act for them.

2. ——: ——: **Trustee Must Personally Perform Discretionary Acts.** The general rule is that a trustee of an express trust, invested with powers, the execution of which calls for the exercise of discretion and judgment on the part of the trustee, cannot delegate such powers to any one; and, hence, the performance of any act requiring the exercise of discretion must be done by the trustee himself and cannot be delegated to an agent.

3. ——: ——: **Trustee May Delegate Ministerial Act.** A trustee may delegate authority to perform a purely ministerial act. He must, at times, act through attorneys or agents, and if he determines in his own mind how to exercise the discretion and appoints agents or instruments to carry out his determination, he cannot be said to delegate the trust, even though deeds or other instruments are signed by the attorneys in his name.

Appealed from the St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

*Taylor R. Young* and *Frank H. Haskins* for appellant.

Defendants are liable as trustees and in their representative capacity in an action at law for damages for a breach of the contract alleged in plaintiff's petition. R. S. 1899, sec. 541; Moore v. Stemmons, 94 Mo. App. 480; Bushong v. Taylor, 82 Mo. 670; Colley v. Wilson, 86 Mo. App. 402; Harris v. Wilson, 86 Mo. App. 420; Voorhis v. Gamble, 6 Mo. App. 4; Yerkes v. Richards, 170 Penn. St. 346; Beekman v. Van Dolsen, 70 Hun (N. Y.) 293; Miller v. Smythe, 92 Ga. 154; Harrigan v. Welch, 49 Mo. App. 504; Mead v. Mitchell, 5 Abb. Pr. 92; Wakeman v. Grover, 4 Paige 34; Mead v. Mitchell, 17 N. Y. 210; Perry on Trusts, secs. 328, 330.

*S. T. G. Smith* and *Thos. S. Meng* for respondents.

(1) Defendants are not liable in their representative capacity as trustees, in an action at law for damages for a breach of the contract sued on. Moore v. Stemmons, 119 Mo. App. 162; Mason v. Pomeroy, 151 Mass. 167; Taylor v. Davis, 110 U. S. 334; Parmenter v. Barstow, 22 R. I. 246; Norling v. Allee, 10 N. Y. Supp. 97; Keating v. Stevenson, 47 N. Y. Supp. 847. (2) The contract alleged to have been made by the defendants with plaintiff related to a matter involving discretion on their part as trustees. As to such matters a trustee cannot delegate his authority. Bales v. Perry, 51 Mo. 449; Polliham v. Revely, 181 Mo. 622.

COX, J.—Action for damages for breach of contract, trial by jury and verdict for plaintiff. Motion for a new trial filed by defendants and sustained, and plaintiff has appealed from the order granting a new trial.

The facts out of which this controversy grew are as follows: Charles H. Peck died intestate in the city of St. Louis in 1899, and by his will, bequeathed

large landed interests in the city of St. Louis
to Charles H. Peck, Jr., Stephen Peck, Jno. A. Peck,
Rebecca Dusenbury and Belle Peck as trustees with
power to rent and to receive and collect all rents, issues
and incomes therefrom, to sell and reinvest under cer-
tain conditions, and the powers granted to them and
their successors in relation to the estate conveyed to
them is to remain and be exercised by them until a
period of fifteen years after the death of the last of his
descendants who should be living at the time of his
death, at which time, the property then remaining
should be divided as directed by the will. The will fur-
ther provided that the action of a majority of the
trustees, except in cases specially provided, should be
binding on all. Chas. H. Peck, Jr., died prior to the
death of the testator, and the other four trustees as-
sumed charge of the property after the death of the
testator, under the powers granted them by the will.
Prior to March 6, 1903, the defendants herein, as trus-
tees, had rented certain buildings and premises in the
city of St. Louis to this plaintiff, and, on said date,
Stephen Peck, one of the trustees, entered into an
agreement, in writing, with the plaintiff, by which the
lease then held by plaintiff was to be surrendered, cer-
tain improvements were to be made upon the building
then occupied by the plaintiff, and other buildings were
to be remodeled to be used in connection with the one
then held by plaintiff, and it was agreed by this contract
that the parties would enter into two leases—one to
begin April 1, 1903, and to continue to September 1,
1907, and another to begin September 1, 1907, and to
extend to September 31, 1910. This contract was signed
on behalf of defendants, "Stephen Peck and Bro.,
Agents." Stephen Peck & Bro. was a partnership
composed of Stephen Peck and John Peck, two of these
trustees, who were engaged in the real estate business
in the city of St. Louis. The signing of this contract
was by Stephen Peck alone, and in signing the name

of Stephen Peck & Bro., agents, he did so, purporting to be the agents of all the trustees of the Peck estate. Afterwards the trustees repudiated the contract, refused to carry it out and plaintiff has brought this suit against them as trustees, seeking to recover damages for breach of the contract aforesaid.

The court, in sustaining the motion for a new trial in this case, recited that it was by reason of the error of the court in giving instruction number one on.behalf of plaintiff.   This instruction told the jury that if they should believe from the evidence that on or about said 6th day of March, 1903, said trustees, defendants herein, or a majority of them, authorized Stephen Peck & Bro. to execute the contract for lease, read in evidence, and that said Stephen Peck and Bro. did execute such contract, and that plaintiff had fully performed, or offered to perform, its conditions upon his part, and that the defendants, or a majority of them, had refused to perform the same in accordance with the terms thereof, then the verdict should be for the plaintiff, and unless they should so find the facts, the verdict should be for defendants.   Appellant insists that this instruction was correct under the evidence, and that the verdict was for the right party, while respondents insist that the instruction was wrong for the reason that the defendants as trustees had no power to delegate their authority, and, for that reason, could not appoint an agent to execute a contract, and further that the authority of the agent, if permissible at all, must be in writing, and that a trustee, either by himself or an agent, could not execute a lease to begin *in futuro.*

The    first    proposition    that    confronts    us    in this investigation is as to whether or not those defendants, trustees under the will of Charles H. Peck, invested with the power to manage and control the estate committed   to   their   charge,   and   to   execute   leases

thereon, could delegate that power by appointing an agent to attend to that matter for them.

The general rule is that a trustee of an express trust, invested with powers, the execution of which calls for the exercise of discretion and judgment on the part of the trustee, cannot delegate such powers to any one, and, hence, the performance of any act, requiring the exercise of discretion, must be done by the trustee himself and cannot be delegated to an agent. [1 Perry on Trusts, 402; Graham v. King, 50 Mo. 22; Bales v. Berry, 51 Mo. 449; Polliham v. Revely, 181 Mo. 622, 81 S. W. 182.]

The office of trustee is one of personal confidence and cannot be delegated. The reason of the rule lies in the fact that the grantor who creates a trust and invests the trustee with powers, calling for the exercise of discretion on the part of the trustee in their execution, selects the trustee by reason of his confidence in the integrity and good judgment of the trustee, and when the trustee accepts the trust, he does so with the implied understanding that he will discharge the duties incumbent upon him, by reason of the trust, according to his own best judgment, and, hence, unless the grantor expressly provides that the trustee may delegate the powers conferred, he cannot do so. He may delegate authority to perform a purely ministerial act; that is, an act not requiring the exercise of discretion, for this is not a delegation of the trust. "The trustee must, at times, act through attorneys or agents, and, if he determines in his own mind how to exercise the discretion and appoints agents or instruments to carry out his determination, he cannot be said to delegate the trust, even though deeds or other instruments are signed by attorneys in his name." [Perry on Trusts, sec. 409.]

It has been uniformly held in this State that trustees, appointed in a deed of trust, to make sale of land

conveyed therein, cannot delegate the power to make
the sale, and the reason assigned is well stated by Wag-
ner, Judge, in Graham v. King, 50 Mo. 22, as follows:

"The office and duties of a trustee are matters of
personal confidence, and he must exercise a just and
fair discretion in doing whatever is right for the best
interest of the debtor.   He must in person supervise
and watch over the sale, and adjourn it if necessary,
to prevent a sacrifice of the property, and no one can
do it in his stead unless empowered thereto in the in-
strument conferring the trust.   A trustee cannot dele-
gate the trust or power of sale to a third person, and
a sale executed by such delegated agent is void."

If this rule should prevail in the matter of a sale
of land for the purpose of collecting a debt, under a
power granted in a deed of trust, in which the duty
of the trustee, in executing the trust, is specifically
provided, it should, for a much stronger reason, apply
to a trustee charged with the management of a large
estate for a long term of years which necessarily re-
quires the constant exercise of vigilance and discre-
tion.

In this case, the will under which these trustees
were acting, made no provision whatever for a dele-
gation, by them, of any of the powers conferred upon
them under the will, and our conclusion is that they
possessed no power to appoint an agent, either verbally
or by writing, and shift to the agent the performance
of any duty requiring the exercise of any discretion
upon their part; and as the execution of a contract,
such as the one sued upon in this case, necessarily called
for the exercise of some discretion and judgment, it
could not be executed in a way to bind the estate or
these defendants in their capacity as trustees, by any
agent which they might appoint.   True, they might,
if they had agreed upon the contract themselves, settled
its terms and agreed upon every question requiring the
exercise of discretion or judgment, delegate to an agent

the naked power to sign the contract, but that is not this case. The evidence in this case wholly fails to show that the trustees made this contract. The contract purports upon its face to have been executed by an agent of these defendants, and plaintiff tried his case upon that theory.

The conclusion we have reached upon this question make it unnecessary to pass upon the other questions raised by counsel in their briefs for the reason that having determined that these defendants had no power to appoint an agent to control this property by lease or otherwise, it follows that, under the pleadings and the evidence in this case, the plaintiff can have no standing in court, and the trial court was right in setting aside the verdict.

The judgment, therefore, will be affirmed. All concur.