R. H. STEVENS, Trustee, C. H. BECKMAN and ELI-ZABETH LAUFER, Appellants, v. HOME INSUR-ANCE COMPANY, a corporation, Respondent.

**St. Louis Court of Appeals.     Opinion Filed June 4, 1918.**

1. **TRUSTS: Mortgages and Deeds of Trust: Trustees in Deeds of Trust: Powers: Indorsing Draft not Delegable: Fire Insurance.** The loss under a fire insurance policy, payable to the trustee in a deed of trust, as interest may appear, is not paid where the draft of the insurer, made payable to the owner and such trustee, was delivered to the owner, endorsed by the owner, and taken to the office of the trustee whose son endorsed the name of the trustee on the draft, and delivered it to the agent of the insurer, who converted the proceeds, and *held* that the holder of the note was entitled to have the trustee, and no one else for him, determine when to append his signature to the draft; and received the funds into his own hands and make proper disposition thereof, or see to it that before surrendering the draft, endorsed by him as trustee, that the note secured by the deed of trust was properly credited with a payment of the amount of the draft.

2. ———: ———: ———: ———: **Indorsing Draft not Ratifiable.** Furthermore, there can be no ratification by the trustee of an act which it is not within his power to delegate to an agent to do.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Leo. S. Rassieur,* Judge.

REVERSED AND REMANDED.

*Seebert G. Jones* and *Alphonso Howe* for appellants.

(1) R. H. Stevens, trustee, could not under the law delegate to his son, or any other person, power or authority to act for him under this deed of trust, or to act for him in the handling of this trust fund. Markel v. Peck, 144 Mo. App. 701; Graham v. King, 50 Mo. 22; Bales v. Perry, 51 Mo. 449; Anderson v. Roberts, 147 Mo. 486; Pollihan v. Revelry, 181 Mo. 622; Vail v. Jacobs, 62 Mo. 133. (2) Under the provisions of the policy, "Loss, if any, payable to R. R. Stevens, trustee, as interest may appear," the payment had to be made to him and a payment made to Elizabeth Laufer did not and could not constitute payment. Franklin v. National Ins. Co., 43 Mo. 491; Parks v. Conn. Fire Ins. Co., 26 Mo. App. 511. (3) B. C. Stevens, Sr., was the general agent at Clayton, Mo., for the Home Insurance Company, and had power to issue policies, and notice to him was notice to the company, and he had power to waive any defect of title, and he had full knowledge of the condition of the title and that the property was in the name of Emil Laufer and Elizabeth Laufer and made out the policy in favor of Elizabeth Laufer alone, and the company accepted premium and treated the policy as subsisting and valid. They are now estopped to claim the policy void. Parks v. Phœnix Ins. Co., 20 Mo. App. 536; Roberts v. State Ins. Co., 26 Mo. App. 92; Breckenridge v. Insurance Co., 87 Mo. 62; Thomas v. Insurance Co., 20 Mo. App. 151. (4) It is a settled rule of law that where the principal employs an incompetent or untrustworthy agent and injury to third persons is caused by the negligence or positive misfeasance of the agent, the maxim *responeat superior* applies, provided, only that the agent was acting at the time for the principal and within the scope of the business entrusted to him. Chicago Herald Company v. Bryan, 195 Mo. 574; Garretzen v. Duenckel, 50 Mo. 104. (5) Under the pleadings and the evidence adduced and the law as applied thereto, the judgment should have been for the plaintiffs.

*Fauntleroy, Cullen & Hay* and *Fyke & Snider* for respondent.

(1) Upon receipt and acceptance of the draft by Mrs. Laufer, the insured, the obligation of respondent was discharged. Anthony v. Insurance Co., 48 Mo. App. 65, 70; Branigan v. Insurance Co., 102 Mo. App. 65, 70, 73; Still v. Insurance Co., 185 Mo. App. 550 558. If a suit could be maintained by the insured, and if a judgment in favor of insured would bar an action by the trustee on mortgagee, no reason is perceived why payment to the insured would not satisfy the demand. (2) Even if it was necessary that the draft be made payable to R. H. Stevens, trustee, or to him and the insured, the endorsement of the draft by R. H. Stevens, trustee, by his son, was a good endorsement. We do not dispute the proposition that a trustee cannot delegate his power to make sale; because that act requires the exercise of judgment and discretion, but mere mechanical, clerical or ministerial duties may be done by others. Polliham v. Reveley, 181 Mo. 636. (3) The draft in this case was not entrusted to B. C. Stevens by respondent, but was entrusted to its adjuster in the Pierce Building, who delivered the same to insured. It was her act in delivering the draft to B. C. Stevens, Junior, which enabled B. C. Stevens to get hold of the money.

BECKER, J.—This is an action upon a policy of fire insurance. The case was tried before the court without the intervention of a jury. The case was submitted upon the testimony adduced for the plaintiffs, the defendant offering no evidence. From a judgment in favor of the defendant and against the plaintiffs, plaintiffs bring this appeal.

The evidence shows that plaintiff Elizabeth Laufer was the owner of certain improved real estate upon which the defendant company had issued a policy of fire insurance in the sum of $1500. Under the terms of the policy the ''loss, if any, (was) payable to R. H.

Stevens trustee, as interest may appear subject, nevertheless to all the conditions of this policy.'' The policy was issued by one B. C. Stevens, Sr., who was the general agent of the defendant insurance company for the county of St. Louis, in which county the insured property was located.

Some months prior to the taking out of the policy in question Mrs. Laufer and her husband had borrowed $1750 from the said B. C. Stevens, Sr., and had executed their note therefor secured by a deed of trust on the insured property in which R. H. Stevens was named trustee.

During the life of the policy the insured building was totally destroyed by fire. Prior to the date of the fire it appears that B. C. Stevens, Sr., had sold the $1750 Laufer note to the plaintiff, E. H. Beckman, and had delivered to Beckman the deed of trust and the insurance policy, together with the principal note and interest notes attached thereto. Immediately after the fire B. C. Stevens, Sr., went to Beckman and told him that the property in question had been sold and he would have to have the insurance policy to make the necessary change. The policy having thus been obtained, B. C. Stevens, Sr., saw to it that the necessary proof of loss was made and in due course a draft was issued by the defendant company for $1500 made payable to Elizabeth Laufer and R. H. Stevens, trustee. This draft was delivered to Mrs. Laufer by the adjusters for the defendant company in the city of St. Louis. According to Mrs. Laufer's testimony she immediately took the draft to the office of B. C. Stevens, Sr., where she endorsed the draft and turned it over to B. C. Stevens, Jr., who in the absence of B. C. Stevens, Sr., conducted his business for him. According to her testimony ''I left the draft there with B.. C. Stevens, Jr., to be delivered to R. H. Stevens.''

The evidence further shows that B. C. Stevens, Jr., took the draft over to the office of R. H. Stevens, trustee, where in the absence of R. H. Stevens, Sr., his son,

R. H. Stevens, at the request of B. C. Stevens, Jr., endorsed "R. H. Stevens, Trustee," upon the draft. Thereafter B. C. Stevens, Sr., endorsed the draft and deposited it to his personal account in the St. Louis County Bank. The draft was endorsed by the St. Louis County Bank, "all prior endorsements guaranteed," and through its correspondent bank finally reached the National City Bank of New York in due course and was paid by the defendant company. According to the testimony the money realized on the draft by said B. C. Stevens was converted to his own use.

At the close of plaintiffs' case the following declarations of law were given by the court at the request of defendant:

"The court declares the law to be that under the pleadings and evidence the plaintiffs are not entitled to recover and the findings of the court must be for the defendant."

"The court declares the law to be that if the court finds and believes from the evidence that the draft read in evidence was endorsed by R. H. Stevens, trustee, or by some one for him and by his direction or with his knowledge, consent and approval, and that said draft was also endorsed by Elizabeth Laufer and was afterwards paid by defendant, then the plaintiffs are not entitled to recover and the court should find for the defendant."

The court thereupon entered its finding and judgment in favor of defendant.

Appellants' first point is that R. H. Stevens, trustee, could not under the law delegate to his son or to any other person, power or authority to act for him under this deed of trust, or to act for him in the handling of this trust fund. The respondent does not dispute the proposition that a trustee cannot delegate his power to make the sale because that act requires the exercise of judgment and discretions, but argues that the endorsing of the trustee's name, as in the instant case, to the draft by the son of the trustee was but a mere mechani-

cal, clerical or ministerial duty and therefore delegable. In other words the respondent argues that the act of the son in endorsing his father's name to the draft as trustee does not any more require the exercise of any discretion or judgment than causing an advertisement for sale to be inserted in a newspaper, or the crying of a sale at auction and receiving bids, acts which admittedly may be done by others for and at the request of the trustee.

This view of the respondent we cannot subscribe to. When the draft which was made payable to Mrs. Elizabeth Laufer and R. H. Stevens, trustee, having been endorsed by Mrs. Laufer, was presented to the trustee for his endorsement it became his duty to see to it before surrendering the draft with his signature attached thereto, that a credit of a partial payment in an amount equal to the draft had been endorsed on the principal note secured by the deed of trust on the property which was covered by the policy. This we hold was no mere ministerial duty. It was clearly a matter of judgment and discretion to be exercised by the trustee, an act which was therefore nondelegable. While of course the mere physical act of writing the words "R. H. Stevens, trustee," on the back of the draft we concede is a purely ministerial act in itself, yet the determining whether or not the draft should be endorsed, and when and to whom, if endorsed, the same should be delivered, and under what circumstances, is a matter that calls for judgment on the part of the trustee. This the very facts before us themselves show, for how else could this case have arisen excepting that the trustee himself has not endorsed the draft, but an attempted endorsement of the draft was made by the son of the trustee who relying upon his own judgment appended the endorsement of the trustee thereto, and this too without obtaining the possession of the draft itself, or taking any steps to see that the funds reached the hands of the party in interest, who in the instant case was the plaintiff, Beckman.

The holder of the note was clearly entitled to have the trustee and no one else for him, determine when to append his signature as trustee to the draft, and receive the funds into his own hands and make proper disposition thereof, or to see to it that before surrendering the draft, endorsed by him as trustee, that the note secured by the deed of trust was properly credited with a payment of the amount of the draft. This has repeatedly been held to be the law and for the reason that the grantor who creates a trust selects the trustee named therein according to the fitness of the trustee to exercise the proper discretion in the execution of the powers with which that trustee is vested. Such selection is predicated upon a confidence in the character as well as the reliance upon the judgment of such trustee, and an acceptance on the part of the trustee of the trust, carries with it the duty of discharging those powers with which he is vested in the light of his own judgment. Therefore the trustee, unless expressly otherwise provided for in the trust itself, cannot delegate such powers which have been conferred on him. It is otherwise, however, with reference to such acts which are purely ministerial —acts which do not require the exercise of discretion. [1 Perry on Trusts (6 Ed.), sec. 408; Polliham v. Reveley, 181 Mo. 622, 81 S. W. 182; Markel v. Peck, 144 Mo. App. 701, 129 S. W. 234; Graham v. King, 50 Mo. 22; Bales v. Perry, 51 Mo. 449; Vail v. Jacobs, 62 Mo. 133.]

Respondent lays great stress upon the fact that R. H. Stevens, trustee, with reference to the appending of his name as for his endorsement as trustee to the draft by his son, testified, ''my son has a right to sign my name to anything that he chooses that can be signed without written authority and he signed this in my absence and I recognize it as my signature, as my endorsement.'' Respondent argues that even though R. H. Stevens, trustee, was out of the city on the occasion when the draft was presented to his son, and though he, the said trustee, therefore did not know anything of the presenting of the draft for such purposes, and did not

become aware of the facts with reference thereto until some time later, yet he later on expressly ratified the act of his son in so endorsing the draft. As to the ratification by the trustee of this act of his son, it is sufficient to state that there can be no ratification by the trustee of an act which it is not within his power to delegate to an agent to do, and therefore as we have stated above for the purposes of this case the draft never was endorsed by the trustee nor did the proceeds thereof come into the possession of the trustee.

The fact that the draft was delivered to Elizabeth Laufer and that she endorsed it and immediately turned it over to B. C. Stevens, Jr., as the agent of B. C. Stevens, Sr., for the purposes of delivering it to R. H. Stevens, trustee, cannot be held to have been payment of the claim. To the very draft in question was appended: "Received of B. C. Stevens a sight draft on the Home Insurance Company, New York, for the sum of $1500 *which when paid* will be in full of all claims and demands for loss and damage by fire. . . ." (Italics ours). The record is clear that the proceeds of the draft were never paid to Mrs. Laufer and inasmuch as the draft never bore the signature of nor was paid to the trustee, it follows plaintiffs made out a prima-facie case that the defendant has not paid the claim arising under the plaintiff's policy of insurance.

It necessarily follows that the giving of that declaration of law, which in fact was equivalent to an instruction in favor of the defendant, was error. The judgment is reversed and the cause remanded.

*Reynolds, P. J.* and *Allen, J.,* concur.