MICHAEL LEHNER, Appellant, v. JOHN ROTH et ux.

Division One, July 27, 1922.

1. **ACTION ON WRITING: No Promise to Pay.** If the writing sued on contains no language expressly stating an obligation to pay and expresses no facts from which such an obligation arises as an implication of law, it is not one for the payment of money, and the holder has no cause of action thereon. [Approving majority opinion of Court of Appeals in Lehner v. Roth, 227 S. W. 833, 229 S. W. 232.]

2. ———: ———: **Limitations.** In consideration for the purchase price of plaintiff's saloon and one hundred dollars advanced, defendant signed and delivered to plaintiff a writing of which the English translation was: "$834.00. St. Louis, Mo., September 1, 1905. Eight hundred and thirty-four dollars, pay to the order of Mike Lehner eight hundred and thirty-four dollars for value received at the rate of six per cent per annum." *Held,* that the instrument resembles a bill of exchange more than anything else,

but is not such, and as· no promise to pay is expressed in the writing and no facts are stated therein which give rise to an implication of any such promise, an action thereon is not grounded on a writing for the payment of money, and hence the ten-year limitation does not apply, but the action was barred by the five-year limitation of the statute (Sec. 1889, R. S. 1909). [See Lehner v. Roth, 211 Mo. App. 1.]

Transferred from St. Louis Court of Appeals.

Judgment of Circuit Court affirmed.

*Grant & Grant* for appellant.

(1)  The court erred in sustaining defendant's demurrer to the first, second and third counts of plaintiff's amended petition.  (2)  The instrument sued on is a promissory note.  Finney v. Shirley & Hoffman, 7 Mo. 42; McGowen v. West, 7 Mo. 569; Ubsdell & Peirson v. Cunningham, 22 Mo. 124; Brady v. Chandler, 31 Mo. 28; Locher v. Kuechenmiester, 120 Mo. App. 701; Huyck v. Meador, 24 Ark. 191; Franklin v. March, 6 N. H. 364; Hussey v. Winslow, 59 Me. 170; Russell v. Whipple, 2 Cowen, 536; Kraft v. Thomas, 123 Ind. 513; Cummings & Manning v. Gassett, 19 Vt. 308.  (3)  The action is in an action "upon any writing, whether sealed or unsealed, for the payment of money or property," within the meaning of the first subdivision of Sec. 1888, R. S. 1909.  Ball v. Cotton Press Co., 141 Mo. App. 26; Shelton v. Wyman, 1 Mo. App. 130; Reyburn v. Casey, 29 Mo. 129, 31 Mo. 252; Bridges v. Stephens, 132 Mo. 525; Howe v. Mittelberg, 96 Mo. App. 490; Knisely v. Leathe, 256 Mo. 341; Moorman v. Sharp, 35 Mo. 283; Rowsey· v. Lynch, 61 Mo. 560; Curtis v. Sexton, 201 Mo. 217; Parker-Washington Co. v. Dennison, 267 Mo. 199;  De Vay v. Dunlap, 7 Ind. App. 690;  Norton v. Brophy, 56 Ill. App. 661; J. Jassoy & Co. v. Horn, 64 Ill. 379; Wells Lumber Co. v. Dunfee, 170 Ill. App. 475; Long v. Straus, 107 Ind. 94.

*Julius R. Nolte* and *J. E. Hereford* for respondents.

(1) The cause of action at bar is barred because the instrument sued upon does not contain a promise to pay or words that imply a promise without the aid of parol evidence. If any other evidence than the writing has to be resorted to to make out a case the period of limitation is five years. Menefee v. Arnold, 51 Mo. 539; Carr v. Thompson, 67 Mo. 476; Quattrochi v. Bank, 89 Mo. App. 509. (2) As between plaintiff and defendants the instrument sued upon is not such a writing as is contemplated by the first clause of our ten-year Statute of Limitations. There is no promise, express or implied, to pay money or property to plaintiff, and to establish such promise if such existed evidence *aliunde* must be sought. This is the test to determine under what Statute of Limitations a given instrument may fall. Babler v. Rhea, 202 S. W. 606; Parker-Washington v. Dennison, 267 Mo. 199, 206.

JAMES T. BLAIR, J.—This case was heard in the St. Louis Court of Appeals. The judgment was affirmed. REYNOLDS, P. J., dissented and certified that he deemed the opinion to be in conflict with certain decisions of this court. The case was transferred here. [Lehner v. Roth, 227 S. W. 833, 229 S. W. 232.]

For the facts we refer to the opinion of the Court of Appeals. A consideration of the record and the two opinions and the additional authorities cited in this court produces the conviction that the Court of Appeals reached the correct result. The decisions cited in the dissenting opinion are not in point. In each of them the writing considered contained language which expressly stated an obligation to pay, or facts from which such an obligation arose as an implication of law. For this reason each of these writings was held to be "a writing for the payment of money." The same thing is true of the additional decisions cited in the brief filed here. It is not

true of the writing in this case. As the Court of Appeals pointed out, this writing more resembles a bill of exchange than anything else. Appellant does not rely upon it as such an instrument, and could not (Adams v. Darby & Barksdale, 28 Mo. l. c. 165) even if the liability of the drawer of such a bill, after the drawee's failure to pay, arises out of the bill rather than the original indebtedness, if such there was. There is no promise to pay expressed in the writing and no facts stated which give rise to an implication of any such promise. The reasoning of the Court of Appeals on this point is sound. There is nothing in Knisely v. Leathe, 256 Mo. 341, which is out of accord with this conclusion. In that case there was an express promise to pay, on condition. The question in that case is like that upon an insurance policy. As the Court of Appeals held, the writing in this case is not one ''for the payment of money'' in the sense of the statute as consistently construed by this court.

The judgment of the circuit court is affirmed. All concur.