SAMUEL S. BRAINARD, Respondent, v. JOHN P. CAPELLE, Appellant.

1. The debt of a third person to the payee is a sufficient consideration for the promise of the maker of a note.

*Appeal from St. Louis Law Commissioner's Court.*

This was a suit commenced before a justice of the peace upon the following due-bill: " $112.—St. Louis, December

Brainard v. Capelle.

13, 1856.—Due S. S. Brainard, one hundred and twelve dollars, on account of H. Holmes—J. P. Capelle." The facts are stated in the opinion.

*A. M. & S. H. Gardner*, for appellant.

*McClelland, Moody & Hillyer*, for respondent.

BATES, Judge, delivered the opinion of the court.

This case was heretofore submitted to the court before the present judges were in office, and an opinion prepared therein by Judge Ewing. The parties now consent that judgment shall be entered in accordance with that opinion, which is therefore adopted as the opinion of the court, and, all the judges concurring, the judgment is affirmed.

EWING, Judge.

This was an action on a note, or due-bill, before a justice of the peace, who gave judgment for the plaintiff, from which the defendant appealed to the law commissioner's court. Judgment was again rendered for plaintiff, and Capelle appealed to this court. The due-bill was given by Capelle for a debt due by one Holmes to plaintiff, the payment of which, together with other liabilities of Holmes, Capelle assumed for a certain consideration mentioned in a written contract read in evidence. The cause was tried by the court sitting as a jury. The declaration of law given by the court assumes that there was evidence of an acceptance of the due-bill in satisfaction of the debt and in discharge of Holmes, and in this it is maintained for the defendant the instruction was improper. Whether the evidence warranted such a declaration or not, we think it is not material to inquire. There was a consideration for the note, and if it be conceded that Holmes' non-compliance with the contract read in evidence could have availed Capelle in any way as a defence in this action, he fails to show any failure of consideration, which

28—VOL. XXXI.

seems to be the only defence he attempts to make. All that we can see in the bill of exceptions on this point, is the mere conclusion or inference of a single witness, who states no facts to base it upon. We see no reason for disturbing the judgment of the law commissioner's court.

Judgment affirmed ; Judge Napton concurring.