## COWART *vs.* PERRINE.

1. The statute of limitations is a bar in equity, to an account between partners.

2. A submission to arbitrators, of partnership affairs, without limit as to time, cannot keep any claim that might have been included in the submission, alive for the purpose of a suit indefinitely.

---

This was a motion to strike out the plea filed by defendant, as improper, and improperly pleaded. One of the grounds of the motion was, that the plea was not properly sworn to, as required by the statute. This ground was waived by a consent to amend the plea in that particular, and the motion was, by consent, then argued upon the sufficiency of the plea as a defence in this case.

*Mr. W. H. Vredenburgh*, in support of the motion.

Plea is not *formally* pleaded as required by our statute. *Nix. Dig.* 107, § 86.

Even if formally pleaded, it is not a good plea in this suit. The statute of limitations does not apply to accounts between merchant and merchant. *Nix. Dig.* 469–70, § 8. Nor between partners. See opinion of Kent in *Ray* v. *Bogart*, 2 *Johns. Cas.* 436 ; *Coster* v. *Murray*, 5 *Johns. C. R.* 521–5 ; *Catlin* v. *Skoulding*, 6 *Term* 189 ; *Sandys* v. *Bladwell, Sir Wm. Jones* 401 ; *Foster* v. *Hodgson*, 19 *Ves.* 180.

The claim contained in the bill related to the *execution of a trust*, and therefore, was not within the statute. *Wanmaker* v. *Van Buskirk, Saxt.* 685 ; *Allen's Adm'r* v. *Woolley's Ex'rs*, 1 *Green's C. R.* 209 ; *Decouche* v. *Savetier* 3 *Johns. C. R.* 216 ; *Goodrich* v. *Pendleton, Ibid.* 387 ; *Coster* v. *Murray*, 5 *Johns. C R.* 531 ; *Obert* v. *Obert*, 1 *Beas.* 430 ; *Lawly* v. *Lawly*, 9 *Mod.* 32.

The distinction in case of *Kane* v. *Bloodgood*, 7 *Johns. C. R.* 90, is, that the trusts intended by the courts of equity not to be reached or affected by the statute of limitations, are those technical and continuing trusts, which *are not at all cognizable at law*, but fall within the proper, peculiar, and *exclusive* jurisdiction of this court.

Partners are *trustees* for each other, and *there is no compulsory remedy at law* between them.

Statute does not apply to joint tenants or parceners. *Prince* v. *Heylin*, 1 *Atk.* 493.

Six years next after cause of action accrued to complainant, has not elapsed. A pure plea of the statute is no bar where there are circumstances stated in the bill which take the case out of it. *Kane* v. *Bloodgood*, 7 *Johns. C. R.* 133, and cases there cited.

The complainant had no right of action after the agreement to refer to arbitrators in 1853, until notice was given him that arbitrators refused to act.

*The reference to the arbitrators suspended the right of action to both parties during its continuance.* The notice

from arbitrators as stated in bill, was not served on complainant until within six years before the commencement of the action.

Neither party had a right to bring suit against the other while arbitration was unfinished.

It is well settled, that plea *admits* all the facts alleged in bill, which it does not expressly controvert.

The articles of arbitration was a *new promise and agreement*, and that neither party can take advantage of it to bar any rights lost through its continuance. *Beams' Pleas* 169; *Pomfret* v. *Windsor*, 2 *Ves., sen.*, 485; *Andrews* v. *Brown*, *Prec. in Chan.* 385; *Baillie* v. *Sibbald*, 15 *Ves.* 185; *Barrington* v. *O'Brien*, 1 *Ball & B.* 178.

In the last case considered a *fraud* by one party to persuade the other not to prosecute, by holding out promises until the debt is barred by the statute.

The complainant had every reason to believe the arbitrators would act, until notified by them to the contrary, and *he has brought his suit within six years after such notification.* Will this court turn him out remediless?

We submit that plea is neither formally, nor in substance, a good plea, and ought to be overruled.

*Mr. P. D. Vroom*, contra.

THE CHANCELLOR.

The bill was filed by the complainant, to compel the defendant to account for the affairs of a partnership, formerly existing between them, which was terminated in 1853. The agreement to dissolve, contained a provision to submit all matters in difference, which should arise between them, to two arbitrators named. The bill alleged that the abitrators were convened in January, 1860, to settle difficulties between them; that the defendant, under the pretence of it being necessary to go to New York, refused to proceed, and left the arbitrators, agreeing to appear and proceed before them

in March, then next, but refused and neglected to appear and proceed then, or at any other time; and that, in consequence of his refusal, the arbitrators, by a writing duly executed by them, on the sixth day of July, 1861, and in thirty days afterwards served on the defendant, declined to act further between the parties. The bill was filed on the fifth day of July, 1867.

The defendant pleaded that he had not become liable to account, or to the action, or on any promise, within six years, and that the action was barred by the statute of limitations; and by an answer annexed, in support of the plea, admitting the submission and meeting before the arbitrators in January, 1860, denied that he promised to appear before them in March of that year, or at any other time, and also denied that he was afterwards requested to appear before the arbitrators.

It is well settled, that the statute of limitations is a bar to suits in equity in all cases in which it would bar the same suits at law. The only exceptions are, when the suit concerns a trust, or a subject of pure equity cognizance that could not be entertained in the courts of law. 1 *Daniell's Chan. Prac.* 664; *Angell on Limitations*, §§ 25 *to* 30; *Mitford's Eq. Pl.* 269; *Story's Eq. Pl.*, § 751; *Wanmaker's Ex'rs* v. *Van Buskirk, Saxt.* 685; *Allen's Adm'r* v. *Woolley's Ex'rs*, 1 *Green's C. R.* 209; *Dean* v. *Dean*, 1 *Stockt.* 425.

The statute of limitations expressly includes actions of account, which will lie at law or in equity between partners, and the statute is therefore held to be a bar in equity, to an account, and to an account between partners. *Angell on Limitations*, § 27; *Collyer on Part.*, § 374-5-6; *Barber* v. *Barber*, 18 *Ves.* 286; *Tatum* v. *Williams*, 3 *Hare* 355; *Atwater* v. *Fowler*, 1 *Edw. C. R.* 423.

The only question then is, whether any facts averred in the bill, and not denied in the answer in support of the plea, will take the case out of the statute, and avoid the bar.

The only matter that is relied on, is the submission to arbitrators contained in the articles of dissolution, and the

fact that this submission was not terminated until July sixth, 1860. The answer denies that anything was done by the arbitrators from 1853 until 1860, and denies that defendant then agreed to appear before them again, or that he was ever after that requested to appear.

The appearance before the arbitrators in January, 1860, might possibly be considered an admission that there was something unsettled at that time; but as it is not necessary to decide this, no opinion is given upon it. But from that day until the filing of the bill, there is nothing which can be construed into an admission that there was any debt or unsettled account.

An agreement to submit all disputes to arbitrators, provided they should make their award within two years, would not prevent the statute from running during those two years, if nothing whatever was done by the defendant or arbitrators within those two years; nor can a submission, without limit as to time, have the effect of keeping any claim that might have been included in the submission, alive for the purpose of a suit for an indefinite time.

I am of opinion that the statute of limitations is a good bar to this suit; and that, taking for true every fact alleged in the bill, not denied by the answer annexed to the plea, which is the rule in such case, there is nothing to prevent the plea being a bar to the relief prayed for by this bill.

The motion to strike out must be denied. The complainant may still, if he chooses, reply to, and take issue upon it.