THE HOME INSURANCE COMPANY, a Corporation, Respondent, v. MERCANTILE TRUST COMPANY, a Corporation, and ST. LOUIS COUNTY BANK, a Corporation, Appellants.*

**St. Louis Court of Appeals. Opinion filed May 4, 1926.**

1. **LIMITATIONS, STATUTE OF: Contracts: Implied Promise from Whatever is Written: Written Contract Within Ten Year Statute of Limitations.** A promise implied by law from whatever is written is a written contract within the ten-year Statute of Limitations.

2. **————: Ten Year Statute: Construction.** The ten-year Statute of Limitations is to be broadly construed.

3. **————: When Statute Begins to Run: Indorsements: Forgeries.** The Statute of Limitations *held* not to begin to run against an action against indorsers of a draft, who guaranteed prior indorsements, until the forgery of the prior indorsement was discovered.

4. **CONTRACTS: Implied Obligations: Part of Contract.** Obligations that the law implies into a written contract are just as much a part of it as the writing itself.

5. **BILLS AND NOTES: Forgeries: Prior Indorsement Forged: Guaranteed By Subsequent Indorsers: Title.** Indorsers of a draft *held* not to have a good title to the draft where prior indorsement was not genuine.

6. **LIMITATIONS, STATUTE OF: Indorsements: Prior Indorsements Guaranteed: Written Promise to Pay Money: Ten Year Statute of Limitations Applies.** An action against defendants on their indorse-

ments, in writing, on the back of a draft paid by plaintiff, by which indorsements defendants guaranteed a certain prior indorsement thereon, which prior indorsement in fact was not genuine, *held* governed by the ten-year Statute of Limitations in view of the provisions of sections 851 and 852, such indorsements being a written promise to pay any money lost by reliance on prior forged indorsement, and the fact that parol evidence was necessary to show such prior indorsement was forged does not make the five-year Statute of Limitations applicable.

*Corpus Juris-Cyc. References: Bills and Notes, 8 C. J., p. 336, n. 73; p. 394, n. 20; p 395, n. 24; p. 397, n. 48. Contracts, 13 C. J., p. 559, n. 25. Limitation of Actions, 37 C. J., p. 690, n. 88; p. 755, n. 16; p. 756, n. 46; p. 759, n. 55; p. 934, n. 45.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*A. E. L. Gardner* for appellants.

Plaintiff's cause of action was based upon the words, "prior indorsements guaranteed," indorsed by defendants on the back of the draft in question and therefore was barred by our five-year Statute of Limitations (Section 1317, R. S. 1919) for the reason that these words so indorsed were not a "writing . . . for the payment of money or property," within the provisions of our ten-year Statute of Limitations (Section 1316, R. S. 1919). Whisler v. Bragg, 31 Mo. 124; Lehner v. Roth, 211 Mo. App. 1; Lehner v. Roth, 295 Mo. 174; Curtis v. Sexton, 201 Mo. 230; Babler v. Rhea, 202 S. W. 604; Parker-Washington v. Dennison, 167 Mo. 199; Allewell v. Johnson, 253 S. W. 161; Brown v. Irving, 269 S. W. 686.

*Abbott, Fauntleroy, Cullen & Edwards* for respondent.

(1) An endorser warrants that the instrument is genuine and in all respects what it purports to be and

that he has a good title to it and that the instrument is at the time of his endorsement valid and subsisting. R. S. 1919, secs. 851-852; Lieber v. Fourth National Bank, 137 Mo. App. 158; Farmers' National Bk. v. Merchants' & Traders' Bank, L. R. A. 1915A, 77; Oriental Bank v. Gallow, 98 N. Y. S. 561 (Affd. 81 N. E. 1170); Boardman v. Hana, 164 Fed. 527. (2) An action upon any writing whether sealed or unsealed for the payment of money or property may be brought within ten years. R. S. 1919, sec. 1316. (3) An action upon the warranty made by the endorser of the genuineness of a previous endorsement is an action upon a writing for the payment of money and therefore the ten-year Statute of Limitations (cited under point 2) applies to such an action and it may be brought at any time within ten years after the endorsement. Brown v. Irving, 269 S. W. 686; Lowe v. McDonald, 9 Mo. App. 590; Heines v. Tharp, 15 Ohio, 130; Orthwein v. Nolker, 234 S. W. 787; Fidelity National Bank v. Hosea, 160 Pac. 960; Curtis v. Sexton, 201 Mo. 217; Parker-Washington Co. v. Dennison, 267 Mo. 199. (4) A promise implied by law from whatever is a written contract within the ten-year Statute of Limitations. This statute is to be given a broad interpretation. Bridges v. Stephens, 132 Mo. 524; Howe v. Mittelberg, 96 Mo. App. 490; Ball v. Cotton Press Co., 141 Mo. App. 26; State ex rel. v. Brown, 208 Mo. 613; Car v. Thompson, 67 Mo. 472; Miner v. Frees & Howard, 93 Mo. App. 569; Reyburn v. Casey, 29 Mo. 129; Kniseley v. Leathe, 256 Mo. 341. (5) The warranties upon which this plaintiff sued are actually in writing, the endorsement of defendant, Mercantile Trust Company, containing the words "prior endorsements guaranteed," and the endorsement of the defendant, St. Louis County Bank, containing the words, "all prior endorsements guaranteed." (6) Statute of Limitations does not begin to run until the forgery is discovered. Beatty v. Cruce, 200 Mo. App. 199.

DAUES, P. J.—Plaintiff brought this suit against defendants on their endorsements, in writing, on the back of a draft paid by plaintiff, by which endorsements defendants guaranteed a certain prior endorsement thereon, which prior endorsement in fact was not genuine. The case was tried before the court, a jury being waived, resulting in a judgment for plaintiff, from which defendants have appealed.

The facts are not in dispute, the sole question being one of law as to whether, on the record in this case, the five-year Statute of Limitations applies. The lower court struck from defendants' answer the plea of the five-year Statute of Limitations, an exception to the ruling being properly preserved, and this appeal strikes at this particular action of the court.

The facts and circumstances from which this controversy.envolves are about as follows: Plaintiff brought this suit on September 1, 1920, seeking to recover the sum of $1843.44 from the defendants, the Mercantile Trust Company and the St. Louis County Bank, both being banking institutions. From the pleadings and the evidence, it appears that on October 20, 1910, one Emil Laufer and his wife, Elizabeth Laufer, owned a lot of ground in St. Louis county, Missouri. On this day they executed their note to B. C. Stevens, payable in three years after date, for the sum of $1750. They secured this note by executing a deed of trust to Stevens, conveying said lot to one R. H. Stevens as trustee for the benefit of said B. C. Stevens, the holder of said note, which deed of trust was duly recorded on December 27, 1910. After the deed of trust was executed and delivered, Laufer and his wife took out a fire insurance policy upon the improvements of said lot, the policy being for $1500. They assigned the policy to R. H. Stevens, Trustee, for the benefit of the legal holder of said note, with power in R. H. Stevens, Trustee, to collect any money that might come due under the policy, and to apply same on the payment of said note. The fire insurance policy was issued on

February 20, 1911, to Elizabeth Laufer, the wife, by the Home Insurance Company, the plaintiff in this suit. On March 28, 1911, B. C. Stevens assigned the note to one C. H. Bechman, and afterwards, on April 17, 1913, a fire totally destroyed the property. To pay this loss, plaintiff on May 7, 1913, through its agent, issued its sight draft for $1500, payable to Elizabeth Laufer and R. H. Stevens, Trustee. The draft on the back bore the endorsement ''Elizabeth Laufer,'' and ''R. H. Stevens, Trustee,'' and was paid on May 12, 1913, by the plaintiff insurance company in the city of New York, plaintiff being the drawee. The course of the draft was as follows: It was deposited, first, in the St. Louis County Bank at Clayton, Missouri, by B. C. Stevens, who at that time was agent of the Home Insurance Company, plaintiff herein. B. C. Stevens received the amount of the face of the draft from the St. Louis County Bank, but instead of paying such amount to the persons entitled to the insurance, he appropriated the money to his own use.

Before the draft was presented to the drawee, and after the above endorsements were written upon same, the St. Louis County Bank on May 8, 1913, made the following endorsement upon same: ''Pay Mercantile Trust Company, St. Louis, Missouri, or order—All prior endorsements guaranteed.'' When the draft reached the Mercantile Trust Company, and before forwarding same to New York, that trust company endorsed the draft as follows: ''Pay the National City Bank, New York City, or order—Prior endorsements guaranteed May 9, 191—, Mercantile Trust Company, St. Louis, Missouri, Edward Buder, Treasurer.'' The draft was thereafter paid by plaintiff, and it then developed that the name ''R. H. Stevens, Trustee,'' written on the back of the draft was not the signature of the said R. H. Stevens, but that same was placed thereon without his knowledge or authority. B. C. Stevens failed to pay over the proceeds of said draft which he had collected from the St. Louis County Bank to either Elizabeth Laufer or to R. H. Stevens,

Trustee. Thereafter, Elizabeth Laufer and R. H. Stevens, as trustee, brought a suit against the plaintiff on the policy to recover for said fire loss, and in due time secured a judgment for the sum of $1743.44, which, upon appeal to this court, was affirmed and the amount subsequently paid by the Home Insurance Company to the insured. After about seven years had elapsed, that is to say from May 8, 1913, until September 1, 1920, the insurance company brought the present suit against the two defendants for the purpose of securing a judgment against them for the amount that plaintiff was required to pay to satisfy said judgment rendered against it in favor of Elizabeth Laufer and R. H. Stevens, the Trustee.

The form of the pleadings are not involved. The petition appropriately sets out all the facts and circumstances out of which the cause of action arises. It alleges that the plaintiff paid the draft when it was presented, upon the reliance had by plaintiff that said draft had been duly endorsed by R. H. Stevens, Trustee; that it relied upon the written guarantee of defendants that such endorsement was genuine, and then alleges that R. H. Stevens, Trustee, did not in fact endorse the draft, and that neither R. H. Stevens nor Elizabeth Laufer had received payment of said insurance money, and that the plaintiff was required at the end of the litigation to pay the amount of said policy to the insured. The petition further states that defendants conceded from plaintiff the fact that said draft had not been endorsed by R. H. Stevens, Trustee, although defendants well knew that said signature of R. H. Stevens, Trustee, was not his own genuine signature, and that plaintiff had no means of ascertaining whether said signature was genuine, or not, prior to June, 1915.

The answer, so far as is necessary for us to consider same here, is a general denial, with the plea that the plaintiff's cause of action against the defendants, if any, accrued on or prior to February 17, 1915, and that by reason of section 1397, Revised Statutes 1919, this action

is barred by the limination of time, same not having been filed within five years from the time said cause of action accrued.

Plaintiff moved to strike out the defense of the five-year Statute of Limitations. The court sustained such motion, and thus we have the law question presented for our determination.

So that the paper, being the draft and its endorsement, may be clearly before us, same is set out in full, as follows:

"(Front)

"$1,500.00

"Kansas City Mo., May 7th, 1913-190—
"The Home Insurance Company, New York.

"Pay to the order of Elizabeth Laufer and R. H. Stevens, Trustee . . . Fifteen Hundred . . . Dollars, being in full for loss and damages by fire under Policy No. D. H. 574, of Clayton, Mo. . . . Agency as per receipt hereto attached.

"WALTER SCOTT,
"State Agent."

(Endorsement on Back.)
"Elizabeth Laufer,
"R. H. Stevens,
"Trustee.
"Pay to the Order of
"St. Louis County Bank,
"Clayton, Mo.
"B. C. Stevens,
"Pay Mercantile Trust Co.,
"St. Louis, Mo., or order.,
"All Prior Endorsements Guaranteed.
"80-459      May 8, 1913      80-459
"St. Louis County Bank,
"Clayton, Mo.
"Theo. T. Bayer, Cashier.
"Pay The National City Bank,
"New York City, or Order

"Prior Endorsements Guaranteed
"May 9, 191—
"Mercantile Trust Company
"St. Louis, Mo.
"Edward Buder, Treasurer.
"H. A. B.
"City Collection Dept.
"Paid
"Endorsements Guaranteed
"May 12, 1913
"The National City Bank of New York."

Appellants' position is that plaintiff's cause of action was based upon the words "prior endorsement guaranteed," endorsed by defendants on the back of the draft, and that said cause of action is barred by section 1317, Revised Statutes 1919, for the reason that these words so endorsed were not a writing for the payment of money or property within the meaning of the provisions of our ten-year Statute of Limitations, being section 1316, Revised Statutes 1919.

The position of the respondent is that this is an action based upon the warranty made by the endorsers of the genuineness of a previous endorsement, and is an action upon a writing for the payment of money and therefore within the terms of the ten-year Statute of Limitations.

We share the view with the lower court that the respondent's position is correct. To classify the situation somewhat on the final discussion of the case, it is but necessary to state that an endorser warrants that the instrument is genuine and in all respects what it purports to be; that the endorser has good title to it, and that the instrument at the time of his endorsement is valid and subsisting. [Sections 851-852, Revised Statutes 1919.] Furthermore, under section 1316 of the statute, an action upon any writing, whether sealed or unsealed, for the payment of money or property, may be brought within ten years. A long line of cases in this State are to the

effect that a promise implied by law from whatever is written, is a written contract within the ten-year Statute of Limitations, and also that this statute is to be broadly construed. Of course, the Statute of Limitations does not begin to run until the forgery is discovered. [Beaty v. Cruce, 200 Mo. App. 199, 204 S. W. 553.]

Now, the warranties sued upon are actually in writing by the defendants; the defendants Mercantile Trust Company wrote on the draft "Prior Endorsements Guaranteed," and the St. Louis County Bank wrote on the draft "All Prior Endorsements Guaranteed." This court ruled in Stevens, Trustee, v. Home Insurance Co., 199 Mo. App. 536, 204 S. W. 44, that the name "R. H. Stevens, Trustee," a prior endorsement on this draft, was unauthorized and hence was not genuine. It cannot be doubted that if defendants are liable because of the signing of the name of "R. H. Stevens, Trustee," as an endorsement by one who had no authority whatever to write his name as such, defendants certainly are liable on their warranty of the genuineness of the endorsement by their express guaranty thereof. The only question is whether the action on the warranty or agreement must be filed within five years, or whether the ten-year Statute of Limitations applies.

As shown in the instant case, the defendants in writing used the word "guaranteed," hence they undertook *in writing* to guarantee; that is the same as if they had written that they had promised the drawee that the endorsement of R. H. Stevens was genuine. Impliedly, at least, and we think expressly so, it is a written promise that if that endorsement is not genuine then the guarantor, the defendants here, will pay the money which is lost by a reliance upon such endorsement being genuine.

Now, section 1316, supra, provides that an action may be brought within ten years upon any writing, whether sealed or unsealed, upon the payment of money. The obligation that the law implies into a written contract are just as much a part of it as the writing itself.

In Fidelity National Bank v. Hosea, 160 Pac. 960, the Supreme Court of Washington said:

"In other words, his act of endorsement was equivalent to writing the conditions the law implies from an endorsement on the instrument above his signature and cannot be varied or altered by showing a prior written or prior parol agreement or by a contemporaneous parol agreement."

Practically the same rule is announced by our Supreme Court in Orthwein v. Nolker, 234 S. W. 787. So it follows, in reason, that if the obligations implied by law to the written endorsement are a part of the writing so that parol evidence may not be introduced against such obligations of prior or contemporaneous oral agreement changing them, then the obligations are a part of the written contract to the extent that the same Statute of Limitations applies thereto that applies to written agreements.

In the instant case, neither the Mercantile Trust Company nor the St. Louis County Bank had good title to the draft, and the paper was not genuine in the form in which it appeared when the defendants endorsed same, because the endorsement of R. H. Stevens, Trustee, was not genuine. The warranty of genuineness was imposed by the law by the endorsment itself, but in addition here the defendants in writing expressly guaranteed the prior endorsements. These obligations by the defendants have been violated by guaranteeing the prior endorsement of R. H. Stevens, Trustee, when same was not genuine. The mere fact that extraneous circumstances must be brought in by parol testimony to show the breach of the written obligation does not bring the cause of action within the five-year Statute of Limitations. [Bridges v. Stephens, 132 Mo. 524, 34 S. W. 555, separate concurring opinion of Barcley, J., which is approved in Parker-Washington Co. v. Dennison, 267 Mo. l. c. 106, 183 S. W. 1041.]

In Howe v. Mittelburg, 96 Mo. App. 490, 70 S. W. 396, this court held that there must be a promise to pay

in writing, but it was said to be well-settled law also that if the writing implied a promise to pay money or property, whether such payment is to be certain or contingent, same is sufficient to put the case within the effect of the ten-year Statute of Limitations.

In Ball v. Cotton Press Co., 141 Mo. App. 26, 121 S. W. 798, this court had before it the question as to whether or not a sufficient writing to make same come within the ten-year Statute of Limitations was involved, the writing there being the written record of the minutes of the meeting of a corporation, and we there said:

"In order for a writing to be a promise to pay money in the sense of the ten-years limitation section the writing must contain words which either express a promise to pay or from which a promise may be implied (citations). What was written in the record of the meeting of the directors of the Peper Company imported a promise to pay plaintiff $1,500 as his part of the dividend."

State ex rel. v. Brown, 208 Mo. 613, 106 S. W. 630, was a suit upon an attachment bond. It was insisted below that the five-year Statute of Limitations applied because the attachment bond contained no conditions for the payment of money or property. It was further insisted that the obligation, in order to come within the ten-year statute, must acknowledge an obligation to pay which is neither conditional nor contingent. To these positions the Supreme Court said (l. c. 618):

"If this position be correct then all instruments other than notes, bonds, bills of exchange or obligations to pay unconditionally specified sums of money would be embraced by the five-year Statute of Limitations. To this we are unable to assent."

However, it should be remembered that here we have an endorsement which is an express guaranty, or certainly a guaranty which the law implies from the writing, and the authorities firmly establish the rule that a guaranty which the law implies from a writing is just as truly a part of the writing as though it were expressed. Hav-

ing in mind that our courts have from an early time ruled that the ten-year Statute of Limitations is to be given a broad interpretation, we are led to the view that this statute is applicable to this cause.

Now, as to the main authorities relied upon by appellants. In Babler v. Rhea, 202 S. W. 604, the Springfield Court of Appeals had before it an assignment of stock and a receipt for money to pay an anticipated assessment on the stock. The court applied the five-year Statute of Limitations for the reason that neither instrument contained language which implied a promise to pay anything to the opposite party, but the court said that if a written instrument itself impliedly contained a written promise to pay, that then the ten-year Statute of Limitations would apply.

Alwell v. Johnson et al., 253 S. W. 161, was a suit in replevin for mortgaged personal property. We held in that case that the mortgage itself was not a contract for the payment of money, and since our statutes specifically limit actions for the recovery of personal property to five years, that therefore the five-year statute applied.

In the case of Parker-Washington Co. v. Dennison, 267 Mo. 199, 183 S. W. 1041, there were two causes of action stated, and it was held in effect that it must appear from the petition that the money or property sued for is promised to be paid or made known by the language of the writing, and that such promise does not arise *only* on proof of extrinsic facts, as we have already stated. In the case at bar, we have the written endorsement guaranteeing the genuineness of the prior endorsement, and certainly the law implies this obligation from the endorsement itself.

In Lehner v. Roth, 211 Mo. App. 1, 227 S. W. 883, (295 Mo. 174, 243 S. W. 91), it was simply held that the writing there did not constitute a promise sufficient to make same a promissory note. This court took the view that the language of the paper did not expressly or im-

pliedly contain a promise to pay, and that since it was necessary in that case to supply outside evidence to establish a promise which was not in writing, the five-year statute applied.

We have examined the other cases cited by appellant and they likewise may be distinguished. We restate that in the instant case the promise of defendants is in writing, both by legal implication and by express terms. Parol evidence is only necessary to prove the breach by the defendants, and therefore the action is not barred by the five-year Statute of Limitations. [Curtis v. Sexton, 201 Mo. 217, 1. c. 230, 100 S. W. 17.]

Since we conclude that the ten-year Statute of Limitations applies, then it follows that the court *nisi* was correct in its action on the motion to strike out parts of defendants' answer. There being no reversible error in the record, the judgment should be affirmed. It is so ordered. *Becker* and *Nipper, JJ.,* concur.