RICHARD E. HERWECK, Appellant, v. MARSHALL C. RHODES.—34 S. W. (2d) 32.

Division One, January 5, 1931.

*S. Mayner Wallace* for appellant.

*Hensley, Allen & Marsalek* for respondent.

FERGUSON, C.—This is a suit for damages for a breach of contract. Plaintiff prays judgment for $7,500, together with interest thereon. From a judgment of the trial court sustaining a demurrer to a second amended petition, plaintiff appeals. The second amended petition states:

"That, on December 15, 1921, defendant, Marshall C. Rhodes, was engaged in a general real estate business, including the buying and selling of deeds of trust on and the investment of moneys in realty, within the city of St. Louis, under the name of Rhodes Realty Company, and that, on said day, plaintiff delivered the sum of eight thousand ($8,000) dollars, represented by 8 United States Notes, to defendant, in consideration for which defendant promised and agreed, by and in his writing of that date, a verified copy of which is filed herewith, to deliver to plaintiff, on December 16, 1921, a certain first deed of trust, on the premises at 455 Laurel Avenue in said city, for the principal sum of seven thousand five hundred ($7,500) dollars, but that, although often requested, defendant has failed and does yet fail to deliver said deed of trust to the plaintiff.

"WHEREFORE, plaintiff prays judgment against defendant for the value of said deed of trust, to-wit, the said sum of seven thousand five hundred ($7,500) dollars, together with interest thereon at the rate of six per centum per annum from said last stated day, and costs."

The "writing" filed with and referred to in the petition and which is the basis of this suit is as follows:

"St. Louis, Dec. 15, 1921.

"Received of R. E. Herweck

Eight $1,000.00 U. S. Notes                Dollars

left with M. C. Rhodes in

payment for 1st Deed of Trust of $7500.00

on 455 Laurell which I agree to

deliver Dec. 16-1921

"RHODES REALTY CO.

"M. C. RHODES."

Defendant's demurrer which was sustained by the trial court is on the ground "that it appears upon the face of the second amended petition that plaintiff's cause of action, if any he had, accrued more than five years before the commencement of this suit and was, at the time of the commencement of this suit, and now is, completely barred by the Statute of Limitations, namely, Section 1317, Revised Statutes of Missouri, 1919."

The first and original petition was filed November 10, 1927, and the amended petition above set out shows upon its face that plaintiff's cause of action accrued on December 16, 1921, more than five years and ten months prior to the institution of this suit. The Statute of Limitations may be invoked by a demurrer when the face of the petition discloses that the bar has become complete. [Burrus v. Cook, 215 Mo. 496.] If the five-year statute, Section 1317, applies as the defendant, respondent here, asserts, the demurrer was properly sustained by the trial court. If the ten-year statute, Section 1316, governs as plaintiff, appellant here, claims, then the demurrer should have been overruled.

Section 1316 provides that "an action upon any writing, whether sealed or unsealed, for the payment of money or property . . . shall be brought within ten years after the cause of such action shall accrue."

Section 1317 requires "all actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 1316," to be brought within five years, after the cause of action accrues. The writing here sued upon contains, and the petition alleges, a promise by defendant to deliver to plaintiff a deed of trust. But, this is not a suit to enforce that promise. Plaintiff sues rather for a sum of money, which he refers to in his petition as being the value of the deed of trust. To come within the ten-year statute, Section 1316, supra, it must appear in the statement of the cause of action that the money sued for is promised to be paid by the language of the writing sued upon. [Parker-Washington Co. v. Dennison, 267 Mo. 199; Lorberg v. Jaynes (Mo. App.), 298 S. W. 1059.]

Our courts hold that though the language of the writing sued on does not contain a promise in express terms to pay the money sued for, yet if by fair implication such promise arises from the language of the writing itself; the ten-year statute applies. [Curtis v. Sexton, 201 Mo. l. c. 230; Home Insurance Co. v. Mercantile Trust Co., 219 Mo. App. 645; Ball v. Cotton Press Co., 141 Mo. App. 26; Quint v. Kingsbury et al. (Mo. App.), 289 S. W. 667.] However, in none of the cases is the ten-year statute held to apply, unless the payment of the money sued for was promised by the terms of the writing, either in express language or by language which is tantamount or equivalent to such promise. Cases are cited holding that if the promise to pay the money sued for is found in the language of the writing, the action comes within the ten-year statute, though the sum to be paid may be contingent or conditional and though the amount to be paid may not be specified in words or figures in the writing and proof be necessary to ascertain the precise amount thereof. [State ex rel. v. Brown, 208 Mo. 613; Curtis v. Sexton, supra; Lorberg v. Jaynes, supra.] These cases do not relate to the question here, for it is obvious that they strictly adhere to the primary rule that for an action on a writing to recover any sum of money to come within the ten-year statute, the money sued for must be promised, either expressly or by fair implication, by the language of the writing itself. If a promise to pay the money sued for does not arise from the language of the writing itself, but the obligation or liability of defendant therefor is one implied by law from the transaction or one that arises only upon proof of extrinsic facts, then the action falls within the provisions of Section 1317 and is barred if not commenced within five years after the cause of action accrued. [Parker-Washington, supra; Curtis v. Sexton, supra; Babler v. Rhea (Mo. App.), 202 S. W. 604; Lorberg v. Jaynes, supra.]

The writing sued upon in this case is dated December 15, 1921, and defendant agrees or promises therein by express language to deliver the deed of trust mentioned, on the following day, December 16, 1921. There is no agreement or promise on the part of defendant, in the language of the writing itself or to be implied therefrom, to either repay the money or the value of the notes paid by appellant, receipt of which is acknowledged, or to pay to him any sum of money by way of damages or the value in money of said deed of trust in the event defendant failed to deliver the deed of trust. This action is essentially one for damages for breach of contract and defendant's liability or obligation to plaintiff for such damages is that implied by law from the facts of the transaction and arises only upon proof of extrinsic facts showing that defendant has failed to keep and perform the promise which the writing does contain, i. e. to deliver the deed of trust mentioned therein.

34

It is an action for damages for a breach of contract and not an action on a writing for the payment of money promised therein. Defendant's liability to plaintiff is an "implied assumpsit" arising out of the wrongful conduct of defendant in breaching his agreement, which is the sole basis of the action. The allegations of the petition, if sustained by proof, would entitle the plaintiff to recover damages for the non-performance or breach of the contract by defendant, had the action been brought within five years after his right of action accrued.

We hold that the five-year statute, Section 1317, applies and since the petition discloses upon its face that the action was not commenced within five years after the cause of action accrued the demurrer was properly sustained by the trial court.

The judgment of the circuit court is affirmed. *Seddon* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.