**MARK TWAIN BANK, N.A. d/b/a Mark Twain Parkway Bank, Appellant,**

v.

**Max PLATZELMAN and Celia Platzelman, Respondent.**

**No. 52629.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 24, 1987.

June 25, 1980. Principal Debtor defaulted on part of the note. On March 14, 1986, Bank filed suit against Guarantors for $45,-567.98. Suit was filed more than five years after the demand note was issued, and more than ten years after the continuing guaranty was entered into.

The issue on appeal is whether the contractual obligation in the guaranty given to Bank by Guarantors is controlled by the ten-year statute of limitations in § 516.110, RSMo 1986, or by the five-year statute of limitations in § 516.120, RSMo 1986. If § 516.120 controls then Bank's action is barred; however, if the longer period set out in § 516.110 is applicable then we must decide when Bank's cause of action accrued and the statute began to run.

Section 516.120(1) imposes a five-year statute of limitations on "[a]ll actions upon contracts, obligations or liabilities, express or implied; *except* those mentioned in section 516.110...." (Emphasis added.) Section 516.110(1) establishes the longer ten-year statute of limitations for "[a]n action upon any writing ... for the payment of money...." Thus, unless the guaranty from Guarantors to Bank is a writing for the payment of money the five-year limitation imposed by § 516.120 controls.

To be a writing for the payment of money there must be a writing and that writing must either contain an express promise to pay or the writing must be "susceptible by fair implication, to the construction" it contains such a promise. *South Side Realty Co. v. Hamblin*, 387 S.W.2d 224, 227–28[1] (Mo.App.1964). *See also Martin v. Potashnick*, 358 Mo. 833, 217 S.W.2d 379, 381[2] (1949); *Herweck v. Rhodes*, 327 Mo. 29, 34 S.W.2d 32, 33[2] (1931); *Home Insurance Co. v. Mercantile Trust Co.*, 219 Mo.App. 645, 284 S.W. 834, 836[1] (1926).

The law is easy to state; it is less simple to determine whether the guaranty given by guarantors is a writing for the payment of money. The guaranty states:

for value received, ... [Guarantors] absolutely and unconditionally guarant[ee] to ... [Bank] the prompt payment when due, in accordance with the terms thereof, of any and all indebtedness or other

Kramer and Frank, Tomothy M. Bosslet, St. Louis, for appellant.

Michael A. Turken, Leslie A. Broome, St. Charles, for respondent.

CRIST, Judge.

Mark Twain Bank (Bank) appeals from the dismissal with prejudice of its suit against respondents (Guarantors) on the ground the suit was barred by the statute of limitations. We reverse and remand.

Bank's predecessor in interest and Guarantors entered an agreement entitled "continuing guaranty" on February 20, 1975. By that agreement Guarantors guaranteed loans made by Bank to Somerton, Inc. (Principal Debtor). On December 28, 1979, Bank lent Principal Debtor $65,000 in the form of a variable rate demand note. If no demand was made, the note was due on

obligations for the payment of money, evidenced by notes, bonds, or other negotiable or non-negotiable instruments, or in any manner whatsoever, now or hereafter existing of . . . [Principal Debtor] to Bank, together with any and all extensions or renewals thereof.

The continuing guaranty parallels the language of § 516.110 and explicitly sets out that Guarantors guarantee the payment of money. Since a guaranty is a promise to pay money, *Board of Trustees of North Kansas City Memorial Hospital v. Conway*, 675 S.W.2d 36, 39 (Mo.App.1984), a fair reading of the continuing guaranty is that it is a writing for the payment of money.

Guarantors, however, argue that "[t]he contract of guaranty in fact has no legal significance until such time that an extrinsic agreement is breached" as shown by "evidence *extrinsic* to the contract" (emphasis Guarantors). The promise to pay must be evident from the writing but the amount owed and other elements of the contract may be shown by extrinsic evidence. *Superintendent of Insurance of the State of New York v. Livestock Market Insurance Agency, Inc.*, 709 S.W.2d 897, 900 (Mo.App.1986); *Lorberg v. Jaynes*, 298 S.W. 1059, 1061[3] (Mo.App.1927).

We have not found a Missouri case dealing with the issue of which statute of limitations applies to a continuing guaranty contract. There are cases, however, in Missouri and other jurisdictions that support the conclusion that this written guaranty is governed by the ten-year statute of limitations set out in § 516.110. *Cf. Home Insurance Co. v. Mercantile Trust Co.*, 219 Mo.App. 645, 284 S.W. 834 (1926) (an endorsement guarantying prior endorsements is a writing for the payment of money); *W.T. Raleigh Co. v. Fortenberry*, 138 Miss. 410, 103 So. 227 (1925) (written contract of guaranty, not setting out amount of indebtedness, is governed by the statute of limitations for debts acknowledged in writing, this analysis was recently explained and affirmed by the court in *First National Bank of Columbus v. Drummond*, 419 So.2d 154, 158–59 (Miss.1982)); *Portnow v. Berg*, 593 S.W.2d 843 (Tex.Civ. App.1980) (an attorney's guaranty of ex-

pert witness fees to be paid by client controlled by statute of limitations for written promises); *W.T. Rawleigh Co. v. Graham*, 4 Wash.2d 407, 103 P.2d 1076 (1940) (action against surety for merchandise debtor purchased under written contract governed by statute of limitations for written contracts).

By the terms of the guaranty contract Guarantors unconditionally guaranteed all debts of Principal Debtor to Bank. Additionally, the contract Guarantors signed contained the agreement that "the obligation of Guarantor[s] hereunder is primary and may be enforced directly against Guarantor[s] independently of and without proceeding against [Principal Debtor]". That the amount owed was not set out in the guaranty does not diminish that there was a promise to pay.

■ Having determined that § 516.110 controls, the question remains whether the action was brought within the ten-year statute of limitations. The guaranty contract was signed February 20, 1975, and guaranteed debts "now or hereafter existing." The debt in question was incurred by Principal Debtor on December 28, 1979. The statute of limitations begins to run when the obligation to pay arises. *Perkins v. Schicker*, 641 S.W.2d 432, 434 [3] (Mo. App.1982); *City of Columbia ex rel. Exchange National Bank v. Johnson Investment & Rental Co.*, 462 S.W.2d 133, 136 [2] (Mo.App.1970). For a demand note the obligation to pay arises on the date the instrument is issued. *Wallace Cotton Co. v. Estate of Wallace*, 722 S.W.2d 103, 105 [1] (Mo.App.1986). Bank might argue that Guarantors' obligation arose after Principal Debtor's obligation. We do not need to reach that issue because Guarantors' obligation arose no earlier than when the note in question was entered into; and, December 28, 1979, is less than ten years before suit was brought on March 14, 1986.

Judgment reversed and remanded.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.